## Philadelphia Company's Petition.

*Constitutional law—Title of statute—Local and special legislation—Judicial proceedings—Uniformity—Act of July 9, 1897, P. L. 219—Taxation.*

The Act of July 9, 1897, P. L. 219, entitled "An act to provide for the classification of real estate and other property for purposes of taxation and for the election of assessors and for prescribing the duties thereof in cities of the second class," is not unconstitutional, as either defective in title, or as local or special legislation, or as violating sec. 26, article 5 of the constitution which provides that "all laws relating to courts shall be general and of uniform operation."

*Taxation—Appeals—Act of July 9, 1897, P. L. 219.*

Where a corporation assessed for taxation of its real estate under the Act of July 9, 1897, P. L. 219, has failed to exercise its right to appeal to the board of assessors, it cannot appeal to the court of common pleas.

Argued Nov. 2, 1904. Appeal, No. 140, Oct. T., 1904, by Philadelphia Company, from order of C. P. No. 1, Allegheny Co., March T., 1904, No. 649, to strike off appeal from Board of Assessors In re Petition of Philadelphia Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Rule to strike off appeal from the board of assessors. Before MACFARLANE, J.

From the record it appeared that the Philadelphia Company presented its petition to the court of common pleas setting forth that the board of assessors of the city of Allegheny had . assessed its real estate in the ninth ward of said city at the sum of $1,019,450, which was excessive, unreasonable and beyond its fair valuation, and prayed that it be permitted to appeal therefrom. The petition was presented under the act of assembly entitled " An Act authorizing appeals from assessments of taxes in this commonwealth to the court of common pleas," approved April 19, 1889, P. L. 37. It was presented and an appeal allowed within sixty days after final action by the board of assessors. The city of Allegheny presented its petition praying for rule on the appellant to show cause why said appeal should not be stricken off for the reason (*a*) that no appeal was taken to the board of assessors ; and (*b*) no appeal was taken within thirty days, as required by the Act of July 9, 1897, P. L. 219. To the petition of the city of Alle-

gheny, the appellant filed an answer averring that so much of the act of 1897 as related to appeals was unconstitutional, and that the board of assessors had not given due notice, either to the appellant, its agent, or the occupiers of the land assessed, of the date of appeal or of its final action.   On June 22, 1904, the court below made the rule to strike off the appeal absolute, and filed an opinion saying, while it was doubtful whether the title of the act of 1897 was sufficient to give notice of the provision that an appeal was to be taken within thirty days to the court of common pleas, yet, as the appellant had failed to exercise its right to appeal to the board of assessors, it could not be allowed to appeal to the court of common pleas.

*Error assigned* was the order of the court.

*Samuel McClay,* with him *Reed, Smith, Shaw & Beal,* for appellant.—There is no notice in the title of the act of 1897 of any provision for an appeal: Com. ex rel. v. Samuels, 163 Pa. 283; Phœnixville Road, 109 Pa. 44; Otto Twp., 2 Pa. Superior Ct. 20; Ruan Street, 132 Pa. 257; Scranton City v. Silkman, 113 Pa. 191.

There was no notice as required by law to either appellant, its agent, or occupier.

The appeal to the board of assessors from their assessment is not a condition precedent to the appeal to the court of common pleas.

*Stephen G. Porter,* city solicitor, with him *W. W. Stoner,* and *Craig Smith,* for appellee.—The act is constitutional: Bruce et al. v. City of Pittsburg, 166 Pa. 152; Wheeler v. Philadelphia, 77 Pa. 338; Kilgore v. Magee, 85 Pa. 401; McGee's App., 114 Pa. 470; Dewhurst v. Allegheny, 95 Pa. 437; Omega Street, 152 Pa. 129; Scranton v. Davidson, 3 Lackawanna Jurist, 141; Rhoads v. Phila., 2 Phila. 149.

OPINION BY MR. CHIEF JUSTICE MITCHELL, December 31, 1904:

The appeal from the assessment to the court below was admittedly too late under the terms of the Act of July 9, 1897, P. L. 219, which by the proviso to section 2 require that

"such appeals shall be taken to such court within thirty days after final action by the assessors as aforesaid." It is objected, however, that this proviso is unconstitutional, because (*a*) the subject of appeals is not expressed in the title of the act; (*b*) it is a local or special law regulating practice and jurisdiction in a judicial proceeding, and (*c*) it violates section 26 of article 5 that "all laws relating to courts shall be general and of uniform operation, and the organization jurisdiction and powers of all courts of the same class or grade so far as regulated by law . . . . shall be uniform."

None of these objections can be sustained. The title of the act of 1897 is "An act to provide for the classification of real estate and other property for purposes of taxation and for the election of assessors and prescribing the duties thereof in cities of the second class." This is clear notice of the entire subject of the classification and assessment of property for taxation, and any provision relative to the mode of proceeding, the effect of the assessment, or the finality of the assessor's action is germane to the subject and within the notice required of the title.

Secondly the act is neither local nor special. It is upon a subject of municipal government within the reasons of classification, and it applies to all members of the class. Bruce v. Pittsburg, 166 Pa. 152.

Thirdly, the act is not a regulation of jurisdiction or practice of any court. Assessment of property for taxation is not inherently a judicial proceeding. The state exercises its powers in that regard according to its necessities and its own will as determined by the legislature, without regard to the tribunals for adjustment of disputed rights between citizens. An appeal is not of course. What appeals shall be allowed, in what manner they shall be taken or conducted, and what shall be their effect are matters regulated by statutory provision which must affirmatively appear. Thus in the Act of April 19, 1889, P. L. 37, the appeal is allowed only if taken within sixty days, and does not stop the collection of the tax appealed from, but only entitles the successful appellant to have the excess returned. That act was held to be constitutional in Rockhill Iron and Coal Co. v. Fulton County, 204 Pa. 44. The prescribing of a different time within which appeals may be taken from a first ex parte assessment and those from

a board of assessment on a rehearing, is not a regulation of the jurisdiction of the tribunal, but of the necessary proceeding to be followed by the party invoking it, and is no different in principle from statutes prescribing different periods of limitation for actions of tort and assumpsit.

No valid objection has been shown to the constitutionality of the proviso. But even if the appeal had been in time it would have been ineffectual as it was not from the final action of the board as provided by the statute. The board is required to establish "rules and regulations prescribing the mode of appeal to them from any assessment made by them, by any person interested therein, and when such assessors shall have finally acted upon such assessments and appeals, an appeal may be taken therefrom to any court of common pleas of the county in which such city is located." The assessment in the first instance is made ex parte and the appeal from that is not to the court but to the board of assessors. The appeal is "to them from any assessment made by them" and it is only when they "have finally acted upon such assessments and appeals" that an appeal may be taken to the court of common pleas. The act clearly intends to give the board an opportunity to review their own first assessment and "rectify all errors," after hearing the party complaining, and to subject only their final action to an appeal to court. It is analogous to proceedings on a compulsory nonsuit, the nonsuit itself not being subject to appeal, but only the refusal of the court in banc to take it off.

This was the ground on which the learned court below dismissed the appeal.

Judgment affirmed.