## Philadelphia *v.* Phillips, Appellant.

*Municipal lien—Taxes—Excess acreage—Failure to appeal from assessment—City of Philadelphia.*

On a scire facias sur municipal lien for taxes a defense cannot be set up to the effect that the taxing authorities had assessed the property charged as of greater acreage than it really contained,

where it appears that no appeal from the action of the assessors had been taken to the board of revision of taxes, nor had any appeal thereafter been taken from any action by the board of revision to the Court of Common Pleas.

Submitted Nov. 8, 1916. Appeal, No. 121, Oct. T., 1916, by defendant, from order of C. P. No. 3, Philadelphia Co., Sept. T., 1913, M. L. D., No. 1159, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Philadelphia v. Frederick Phillips, Registered Owner, and The Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee under the will of William A. M. Fuller, deceased, and the Girard Trust Company, Trustee of the Estate of Moro Phillips, deceased, real owners. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS. Affirmed.

Scire facias sur municipal lien for taxes.

Rule for judgment for want of a sufficient affidavit of defense.

The material portions of the affidavit of defense were as follows:

4. That the said property described in the said lien and scire facias filed was assessed for taxation by the City of Philadelphia for the year 1911 as containing fifty-nine acres at $65,000, at said rate of .725 per $100, making the total tax on the same for said year $471.25, which would be at the rate of $1,101.69 per acre.

5. That said property described in said lien did not in the year 1910 or 1911, or never did, contain 59 acres. That a survey of said property was made by the official surveyor of the City of Philadelphia in December, 1911, from which it appeared that the property in question consisted only of 42.7399 acres.

6. That defendants are advised and therefore aver that it was beyond the power of the city authorities to tax and assess said property for taxation for the year 1911 as containing 59 acres when it contained only 42.7399 acres,

580     PHILADELPHIA *v.* PHILLIPS, Appellant.

Statement of Facts—Opinion of Court below. [65 Pa. Superior Ct.

and that such assessment and taxation were illegal and unauthorized, and therefore that the tax lien based on such assessment and filed against said property in this case, on which a scire facias has issued, is illegal and void to the extent of the amount representing the tax on the excess over 42.7399 acres, and that defendants are entitled to a credit for the amount of the tax imposed on all over 42.7399 acres, or 16.3601 acres.

7. That taking the valuation per acre at $1,101.69, defendants are entitled to a credit for the 16.3601 acres improperly assessed amounting to $123.42.

8. That defendants are further advised that the said plaintiff has no right to the interest or penalties as calculated, but only for the interest and penalties on that portion of the amount representing the tax on 42.7399 acres.

9. That an application was made on behalf of defendants to the board of revision of taxes of said city to adjust and reduce said assessment, but said board of revision of taxes refused to adjust some or make any allowance for said excess taxation on the ground that said application had not been made within the time required by law.

10. That said property is now, for the year 1915, and was, for the years 1914 and 1913, assessed for taxation as 42.7399 acres at $51,000.

McMICHAEL, P. J., filed the following opinion:

This is a scire facias upon a tax lien for taxes for the year 1911, which are assessed against Frederick Phillips, registered owner, and The Pennsylvania Company for Insurances on Lives and Granting Annuities, trustee under the will of William A. M. Fuller, deceased, and the Girard Trust Company, trustee of the estate of Moro Phillips, deceased, real owners.

The affidavit of defense sets forth that the property described in the lien fronts on Tacony street, or State road, from Shelmire street to Rhawn street (formerly Delaware avenue), and is intersected by the Philadelphia and

Trenton Railroad and the Bustleton Railroad, and contained in area in 1910 and 1911, and now contains 42.7399 acres only. That the property described in the lien and scire facias filed was assessed for taxation by the City of Philadelphia for the year 1911, as containing fifty-nine acres at $65,000. That the property described in the lien did not in the year 1910 and 1911 or it never did contain fifty-nine acres. That a survey of said property was made by the official surveyor of the City of Philadelphia in December, 1911, from which it appeared that the property in question consisted only of 42.7399 acres.

The affidavit contains a further averment, paragraph nine, that an application was made on behalf of defendants to the board of revision of taxes of said city to adjust and reduce said assessment, but the board of revision of taxes refused to adjust the same or make any allowance for said excess taxation on the ground that said application had not been made within the time required by law. The other averments of the affidavit of defense are not material.

It is contended on behalf of the city that matters that affect the assessment of taxes should be raised by appeal in the statutory way; that they cannot be raised as a defense on a sci. fa. on a claim filed therefor; and that as the owners of the property did not file an appeal from the assessors to the board of revision of taxes, or from the board of revision of taxes, to the Court of Common Pleas, as they should have done under the Act of May 13, 1857 (P. L. 567), and the Act of April 19, 1889, they have waived their rights, and cannot now avail themselves of any defense which they may have.

This is an interesting and novel question. It is to be noticed that the affidavit of defense does not contain any averment that there was an appeal from the assessment made by the assessor within the time prescribed by the Act of May 13, 1857. Nor does it contain an averment that there was any appeal made to the Common Pleas

under the Act of April 19, 1899, or to the Supreme Court as provided by the Act of June 20, 1901.

In Moore v. Taylor, 147 Pa. 481, it was held that the only remedy of taxpayers who feel themselves aggrieved by the action of the board of revision of taxes is by appeal. If no appeal is taken, the decision becomes final and conclusive, not only as to the owners, but also as to those claiming under them by subsequent conveyance. In that case, Mr. Justice STERRETT, delivering the opinion of the court, used the following language (page 483) : "If the trustees considered themselves aggrieved by the official action of the board, their only remedy was by appeal from its decision; but no complaint was made, no appeal was taken, and the decision became final and conclusive, not only as to the owners, but also as to those claiming under them by subsequent conveyance. The duty of taxing officers is quasi judicial; and it is well settled that when the general power to assess exists, the remedy for illegal taxation is by appeal; if none be given, neither the Common Pleas nor this court can reverse the judgment of the taxing officer. On the other hand, if a specific remedy is provided, it must be pursued: Hughes v. Kline, 30 Pa. 227; Clinton School District's App., 56 Pa. 315; Stewart v. Maple, 70 Pa. 221; Van Nort's App., 121 Pa. 118."

In the case of Philadelphia v. Pennsylvania Company for the Instruction of the Blind, 124 Pa. 138, the opinion of the court being delivered by Mr. Justice FELL, it was held, citing Moore v. Taylor, supra, that a defense to a scire facias on a tax lien, which alleges that after the liability for tax became fixed for the year the property was devoted to a use which exempted it from taxation, is not available.

In Van Nort's App., 121 Pa. 118, it was held "(1) For an erroneous assessment of taxes for State purposes under the Act of June 30, 1885, P. L. 193, the remedy afforded to a taxpayer on an appeal to the commissioners, is an ample remedy, and may be regarded as exclusive,

except perhaps in ordinary cases.   (2) When a taxpayer, refusing to make a return of property taxable under said act, by his silence acquiesced in that made by the assessor, and, having had knowledge of an erroneous assessment, when the day of appeals had passed still refuses on an application for relief to make the corrected return authorized by the act, he is without equity to entitle him to have the collection of the tax restrained by an injunction.   (3) Where the general power to assess for taxes exists, the proper remedy for illegal taxation is by an appeal to those to whom the appeal is required to be taken; and if none be given the courts cannot revise the judgment of the tax officers: Hughes v. Kline, 30 Pa. 227; Clinton Sch. D.'s App., 56 Pa. 315, followed." In that case the assessors made a mistake in assessing two mortgages aggregating over six hundred thousand dollars.   To that estimated return the county commissioners added fifty per cent. in the nature of a penalty. Mr. Justice STERRETT, delivering the opinion of the court, used the following language (page 127) : "The assessment was not rendered void by the alleged mistake of the assessor in erroneously pointing off the figures showing the aggregate amount, or in not returning the mortgages as trust instead of individual securities.   At most, these were mere irregularities or errors that could be corrected whenever discovered, subject to complainant's right to be heard, as on an appeal, after the correction was made. ......(citing Hughes v. Kline, 30 Pa. 227; Clinton D.'s School App., 56 Pa. 315, page 129).   In Clinton School District App., supra, it was said: "All the cases assert the doctrine that when the general power to assess exists, the proper remedy for illegal taxation is by appeal to those to whom the appeal is required to be taken; and, if none be given, neither the Common Pleas nor this court can revise the judgment of the tax officers.   Indeed, it would be a most ruinous consequence, if, just, when the collector comes around with his warrant to demand taxes assessed in due form of law by those having the general

power to tax, a court of equity could interfere by injunction.......It will not do to permit the collection of 'taxes to be interfered with by such persons, unless in the clearest cases of want of jurisdiction in the assessing and collecting officers.' "

We think that the case of Van Nort's Appeal is closely analagous to the present case, because that was a case in which the assessors appear to have made an error in returning securities that were alleged to have been previously paid, and therefore not subject to assessment.    An error in the amount of property assessed does not render an assessment void, but it should be corrected by the proper statutory appeal.    If a right to attack an assessment collaterally for a mistake in dimensions or quantity exists, it is without limitation, and every assessment could be severally collaterally attacked, however trifling the discrepancy.

It is to be noted that it is stated in the paper books for the City of Philadelphia, and not denied, that taxes on the larger acreage had been assessed and collected since the year 1901, during all which time the owners of the property had full opportunity to have a survey of their property made and the mistake corrected; and as soon as the matter was brought to the attention of the board of revision of taxes, the mistake was corrected and the assessment reduced.    The board, however, declined to reduce the assessment for the year for which this tax lien is filed, because the period for filing the appeal had expired.

The rule for judgment for want of a sufficient affidavit of defense is made absolute.

*Error assigned* was the order of the court.

*Joseph Neff Ewing, Maurice Bower Saul* and *John G. Johnson,* for appellants.—The necessity for pursuing the statutory remedy does not exist where the assessment complained of is void and illegal, as where the assessors

acted entirely without jurisdiction: Banger's App., 109 Pa. 79; Ridgway Light & Heat Co. v. Elk County, 191 Pa. 465.

Counsel for appellants have been unable to discover a case in Pennsylvania in which the assessment of too much ground is involved, and therefore we can cite no authorities directly in point. An examination of the cases holding an appeal to the taxing powers to be the sole remedy, however, will disclose that these cases are instances of overvaluation, irregular valuation, or improper apportionment.

It has been intimated in Laufer v. McGovern, 6 North. 160, that where a man has been assessed upon eleven houses which he did not own, he might restrain the collection of such tax in chancery.

*Mayne R. Longstreth,* Assistant City Solicitor, and *John P. Connelly,* City Solicitor, for appellee.—This is not a case of taxing property which does not exist, but of overestimating, and therefore overvaluing a single tract of ground which does exist.

Where a special procedure is created by statute, it should be followed and is exclusive: Hughes v. Kline, 30 Pa. 227; Moore v. Taylor, 147 Pa. 481.

There can hardly be any question that the assessor must have jurisdiction to find the size and acreage of the land he assesses. It is an essential element in determining the value of every tract assessed.

OPINION BY HEAD, J., March 9, 1917:

The City of Philadelphia entered a municipal lien to secure the payment of taxes assessed against a certain property of which the appellant first named was the registered owner. To the scire facias later issued for the purpose of enforcing the payment of the taxes in arrears, the present appellants, claiming to be the real owners of the property, filed an affidavit of defense. The substance of the defense set up in the affidavit was that

the taxing authorities had assessed the property charged as of a greater acreage than it really contained.    It practically appeared from the affidavit that no appeal from the action of the assessors had been taken by the property owners to the board of revision of taxes nor had any appeal thereafter been taken from any action by the board of revision to the Court of Common Pleas.

On the consideration of a motion for judgment for want of a sufficient affidavit of defense, the learned court below reached the conclusion it was not legally competent for the property owners to advance the defense set up upon the action of scire facias.    The careful opinion by his Honor Judge McMichael has convinced all of us the conclusion reached by the court was sound and the reasons stated in support of it sufficiently convincing to render it unnecessary for this court to attempt to prepare a more elaborate opinion.    We perhaps ought to add we do not clearly understand the last paragraph of the opinion filed by the court in the light of paragraph ten of the affidavit of defense.    The correctness of the conclusion reached by the court below is, however, in no way impaired by any mistake, if there be one, in the statement of fact contained in said paragraph.

For the reasons advanced by Judge McMichael we think the judgment entered in the court below was correct and the assignments of error should be overruled.

Judgment affirmed.