## Kingston Coal Company v. Luzerne County

*Evan C. Jones*, for plaintiff; *R. Lawrence Coughlin*, for defendant.

VALENTINE, J., May 28, 1932.—This is a case stated to determine the right of the plaintiff to make settlement of its 1927 taxes by the payment of sixty-five per centum of the amount of taxes levied against its coal properties for said year. The essential facts are:

In 1927 a valuation of $2,731,198 was placed upon the coal lands of the plaintiff situate in Luzerne County, and no appeal was taken from such assessment.

The plaintiff did not pay the total tax levied on the basis of said valuation, but, like other coal companies which had appealed from the assessed valuation of their coal properties, paid fifty-five per centum of the tax levied and later another payment of 22½ per centum of the tax levied.

Upon the payment of the said 22½ per centum by the plaintiff and other coal companies in Luzerne County, which companies had duly appealed from the assessment for the year 1927, an agreement was entered into by the County of Luzerne, through its solicitor, which provided that the proper portion of the taxes paid would be refunded in the event the final decision of the Supreme Court placed a valuation upon the coal properties entailing the levy of a tax less than a total of 77½ per centum of the taxes levied. The agreement, signed by the county solicitor, reads as follows:

"This is an agreement between Luzerne County, a municipal corporation of the County of Luzerne, hereinafter called the 'municipality,' party of the first part, and Kingston Coal Company, a corporation of the State of Pennsylvania, hereinafter called the 'taxpayer,' party of the second part.

"*Whereas*, The taxpayer has filed an appeal in the Court of Common Pleas of Luzerne County from the triennial assessment of 1925 of its coal properties in Luzerne County; and

"*Whereas*, The taxpayer has already paid fifty-five per centum of the taxes levied on said assessment for the year 1927, and now has agreed, as consideration for this agreement, to pay fifty per centum of the balance, which balance is forty-five per centum of the entire tax levy for the year 1927.

"Now, therefore, the taxpayer agrees as follows:

"First: That it will, upon execution of this agreement, pay to the municipality a sum of money sufficient to make the total taxes paid in said municipality seventy-seven and five-tenths per centum of the total taxes levied against its coal property, based upon the aforesaid assessment.

"Second: And it is further hereby agreed by and between the municipality and the taxpayer that no attempt shall be made by said municipality or any of its agents or representatives to collect any of the said balance, or the final twenty-two and one-half per centum as above set forth, until there has been a final decision rendered in legal action to be forthwith commenced to test the right of the municipality to enforce the collection thereof, and until there has been an opportunity afforded and a conference had by and between the parties hereto.

"The municipality agrees:

"Third: That all payment of taxes made in excess of fifty-five per centum of the total levy in said municipality is subject to the absolute covenant and condition, that if upon final determination of the said appeal by the taxpayer in said municipality from the assessment of its coal lands therein it shall be determined that the total amount paid to the said municipality by the said taxpayer is in excess of the amount of taxes legally due and payable, the said municipality shall return the amount of overpayment to the said taxpayer within six months of the final determination of said appeal; said payments of taxes not to be considered by either of the parties hereto as voluntary payments, but as payments under duress.

"Fourth: If, upon the final determination of the appeal of the taxpayer from the assessment of its coal property in said municipality, it shall be determined that the payment already made of fifty-five per centum of the total taxes

assessed against the taxpayer in said municipality is greater than the amount of taxes legally due and payable, this agreement shall not prejudice nor enlarge the rights of the parties hereto in respect to such overpayment.

"WILFRED L. JONES,
"County Solicitor."

In May, 1931, the board for the assessment and revision of taxes for the County of Luzerne wròte the commissioners of said county the following letter:

"Luzerne County, Pennsylvania.
"Office of
"County Assessors.

"May 28, 1931.

"To the Commissioners of Luzerne County.

"In re Kingston Coal Co., 1927.

"Gentlemen: We recommend that the Kingston Coal Company be given the same consideration as the other coal companies in adjustment of taxes paid. In the year 1927 the Kingston Coal Company paid more taxes than they would have paid under the recent decision of the Supreme Court.

"We attach below a statement of the amounts by which their assessments should be reduced in the various municipalities wherein they pay tax, and we recommend that reimbursement or due credit be given the Kingston Coal Company for the year 1927 as follows:

| "Municipality. | Amounts to be Abated. |
|---|---|
| Kingston Borough | $241,916.00 |
| Edwardsville Borough | 259,988.00 |
| Larksville Borough | 70,968.00 |
| Courtdale Borough | 34,539.00 |
| Plymouth Borough | 8,782.00 |
| Plymouth Township | 38,772.00 |
| Pringle Borough | 41,960.00 |
| | $696,925.00 |

"Respectfully yours,
"BOARD OF COUNTY ASSESSORS.
"(Signed)    WM. D. GERLACH,
"Secretary."

We have not been referred to any law under which a non-appealing taxpayer can be relieved from the payment of the taxes assessed against his property, nor do we know of any such law. The Act of April 19, 1889, P. L. 37, now superseded by section thirteen of the Act of June 26, 1931, P. L. 1379, gave to an appealing taxpayer the right to a refund of excess taxes paid, in the event that the assessment was reduced on the hearing of his appeal. If no appeal is taken, the action of the board in fixing the valuation of the property for assessment purposes becomes final: Philadelphia v. Phillips, 65 Pa. Superior Ct. 578.

Neither do we know of any authority which confers upon the county solicitor the power to bind the county by the execution of such an agreement as is here presented, especially as no appeal had in fact been taken; nor can plaintiff's case get any assistance from the letter of May 28, 1931, written by the board of assessors to the county commissioners. The fact that the assessed valuation of one piece of real estate has been reduced on hearing of an appeal is no evidence that other properties should be similarly reduced without the production of evidence justifying such conclusion.

Judgment is directed to be entered in favor of the defendant.

From Frank P. Slattery, Wilkes-Barre, Pa.