## Dougherty's Appeal.

Argued January 14, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

[redacted]

*A. E. Hurshman,* with him *Frank X. York,* for appellant.

*John J. Elcock,* Assistant City Solicitor, with him *David J. Smyth,* City Solicitor, for appellee.

PER CURIAM, March 23, 1936:

This appeal is from an order dismissing a petition filed below "to reduce and vacate the assessed valuation of [certain] properties, and allow the exemption [as claimed] from taxes" assessed for the years 1933 and 1934. We must affirm the order appealed from for the reasons stated by the learned court below in the following extract from its opinion disposing of the case:

"The petition now before the court avers that the premises in question were assessed for taxation purposes for the year 1933 in the Fall of 1932, and for the year 1934 in the Fall of 1933; that the time for appealing from the assessment for 1933 and 1934 to the Board of Revision of Taxes expired on or about November 1st, 1932, and 1933 respectively, that no appeals from the assessment were filed until June 1st, 1934, although the assessments for the year 1933 were certified to the Receiver of Taxes for collection on or about December 31st, 1932, and the taxes for the year 1934 were certified to the Receiver of Taxes for collection on or about December 31st, 1933; that the appeals were dismissed because they were taken too late; and that the Supreme Court in the case of *Dougherty v. Phila.,* 314 Pa. 298, held the property subject to taxes in part and therefore within the jurisdiction of the Board of Revision of Taxes for as-

sessment. The petition concludes with a prayer that the appeal be dismissed.

"The answer to this petition admits that part of the properties in question is subject to assessment and part is exempt, and also admits the allegation that no appeal was taken until June of 1934.

"The admitted averments of the petition accompanying the rule to dismiss the appeal are fully substantiated by the decision of the Supreme Court in the case of *Dougherty v. Phila.*, 314 Pa. 298, wherein it was held that parts of the premises in question are subject to taxation and, therefore, the sole jurisdiction to consider a complaint for over-assessment or inadequate exemption is by appeal to the Board of Revision of Taxes, to be followed if necessary by an appeal to the Common Pleas Court. The jurisdiction of the Board of Revision of Taxes, however, is limited by statutory enactment.

"The Act of May 13, 1856, P. L. 567, Section 7, (53 P.S., 4812) provides that 'The county board of revision shall commence the discharge of its duties on the first Monday of September in each year, taking into consideration each assessment, and shall complete the same within six weeks, and the county board of appeals shall commence the hearing of appeals on the third Monday of October, and proceed to hear the taxpayers of the several wards in succession, until the same be closed, not exceeding six weeks. . . .'

"It is thus obvious that under the act in question appeals must be filed with the Board of Revision of Taxes and considered by the first of December of the year in which the assessment is made. Such procedure is, of course, necessary for the orderly administration of our municipal government in order that proper tax bills may be promptly in the hands of the Receiver of Taxes at the beginning of each year. It is obvious therefore that the appeal from the 1933 assessment was filed approximately a year and a half too late, and the appeal from the 1934 assessment was filed approximately six months too late.

The rule to dismiss the appeal from the assessment must, therefore, be made absolute."
Affirmed.