Philadelphia *v.* Dougherty, Appellant.

Argued November 8, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

A. E. Hurshman, for appellant.

Edwin S. Ward, with him Michael D. Hayes, Assistant City Solicitors, and Robert McCay Green, City Solicitor, for appellee.

OPINION BY KELLER, P. J., December 9, 1943:

This is another phase of the subject-matter which came before our Supreme Court in Dougherty, Trustee, v. Phila., 314 Pa. 298, 171 A. 583, and Dougherty's Appeal, 321 Pa. 170, 183 A. 920. In the first of those cases it was held that a bill in equity filed to restrain the taxing authorities of the City of Philadelphia from assessing and collecting taxes for the years 1927 to

1932 on the three-story building known as St. Agnes's School, 804-816 North Orianna Street, was properly dismissed, because part of the building was used for commercial purposes. The opinion of the court (LINN, J.) states the facts. From it we find that St. Agnes's School occupies a building valued by the assessors at $97,000. Of this valuation one-half, $48,500, representing the valuation placed on the second and third floors, used exclusively for school purposes, was returned as exempt; and the first or ground floor, which included an auditorium or place of public entertainment, and two small rooms, in one of which tobacco, candy and refreshments were sold, was returned as taxable and assessed at $48,500. Speaking for the court, Mr. Justice LINN said: "It [i. e. the sale of tobacco, candy and refreshments] was a profitable business, which, under our decisions, justified taxation of at least so much of the building, in which the school is conducted, as is devoted to the purpose of this business ...... If the auditorium were used only for school purposes, though yielding some return reducing general expenses, or for other benevolent or charitable, but non-commercial, purposes, exemption would be entitled to consideration within the rule of the cases cited [White v. Smith, 189 Pa. 222, 42 A. 125; Barnes Foundation v. Keeley, Receiver of Taxes et al., 314 Pa. 112, 171 A. 267; American Sunday School Union v. Phila., 161 Pa. 307, 29 A. 26; Miller v. Northampton Co., 307 Pa. 550, 558, 162 A. 209] to which may be added Penna. Hospital v. Delaware Co., 169 Pa. 305, 32 A. 456; United Presbyterian Women's Assn. v. Butler Co., 110 Pa. Superior Ct. 116, 167 A. 389". The opinion pointed out that "Equity has jurisdiction to restrain attempted taxation for *total want of power to tax.* [citing above cases]. But, where the power to tax appears, and the complaint is over-assessment, or *inadequate exemption,* the remedy is by appeal to the common pleas from the action of the board of revision: U. of P. Christian Assn. v. Phila., 75 Pa. Superior Ct. 516;

Phila. v. Kolb, 288 Pa. 359, 136 A. 239; Miller v. North-ampton Co., supra; section 13, Act of March 21, 1806, 4 Sm. L. 326; Act of April 19, 1889, P. L. 37; Act of June 26, 1901, P. L. 601, in force when this proceeding began." Further on in the opinion, it was said, "Claims for partial exemption must, in the first instance, be presented to the board of revision, with the right to appeal, as has been stated." Quoting from *Phila. v. Barber,* 160 Pa. 123, 28 A. 644, the opinion continued: " 'There is in fact no express warrant in the act for dividing the building for purposes of taxation and exempting any part of it when other parts produce income. But such division was authorized by Judge ALLISON in Association v. Donohugh, 7 W. N. 208, upon grounds of equity and the broad intent of the statute and has been received with general acquiescence'. See also, Board of Home Missions [Methodist Episcopal Church] v. Phila., 266 Pa. 405, 109 A. 664.[7] [Note 7 to said opinion—"This rule was applied in exempting the second and third floors of the school building involved in the case at bar"]. Since that time the practice has become common and the right to judicial review has been provided by the legislature[1]. Like claims of over-assessment, the refusal of claims for exemption must be tried on the law side of the court *in accordance with the statute"* (Italics supplied).

In *Dougherty's Appeal,* 321 Pa. 170, 183 A. 920—the second phase of the case—the same appellant filed appeals to the court of common pleas from the assessment of taxes against the building for the years 1933 and 1934, but did not file them within the time allowed by the governing acts, and on petition of the City to dis-

---

[1] The judicial review, referred to in the opinion, is the right to appeal to the court of common pleas from the assessment of taxes as fixed by the county commissioners or board of revision and appeal, acting as the board of review, by the Act of April 19, 1889, P. L. 37.

miss the appeals because they were taken and filed too late, the rule granted was made absolute and the appeals were dismissed. The court below, in an opinion approved by the Supreme Court, said: "The answer to this petition admits that part of the properties in question is subject to assessment and part is exempt, and also admits the allegation that no appeal was taken until June of 1934. The admitted averments of the petition accompanying the rule to dismiss the appeal are fully substantiated by the decision of the Supreme Court in the case of Dougherty v. Phila., 314 Pa. 298, *wherein it was held that parts of the premises in question are subject to taxation and, therefore, the sole jurisdiction to consider a complaint for over-assessment or inadequate exemption is by appeal to the Board of Revision of Taxes, to be followed if necessary by an appeal to the Common Pleas Court.* The jurisdiction of the Board of Revision of Taxes, however, is limited by statutory enactment ...... It is obvious therefore that the appeal from the 1933 assessment was filed approximately a year and a half too late, and the appeal from the 1934 assessment was filed approximately six months too late. The rule to dismiss the appeal from the assessment must, therefore, be made absolute". (Italics supplied)

The present appeal is from the order of the court below entering judgment against the same appellant for want of a sufficient affidavit of defense in a scire facias sur municipal lien filed against said school building for the unpaid city taxes for the year 1932, assessed upon the valuation placed on the first floor—the second and third floors being exempted—and the said defendant having averred in said affidavit: "The first floor of this building is used as a public and school auditorium; ...... the second and third floors are exempt from taxation. There is a small room 12' x 14' opening towards the main auditorium on the first floor, which is

used for the sale of refreshments. The defendant claims exemption from taxation for the entire auditorium, with the exception of this small room 12 feet x 14 feet as aforestated."

All of the cases hold that such a defense cannot be raised on a scire facias sur municipal lien. If, under the law, some part of the building is exempt and some part is taxable, and the property owner is dissatisfied with the assessment, either because the taxing authorities have refused to grant exemption to as much of the building as the owner claims is legally allowable, or because the taxable portion is assessed at too high a figure or the exempt portion is relatively undervalued, the sole and exclusive remedy of the property owner is to appeal from the assessment to the board of review, and if dissatisfied with the latter's action, to appeal from its decision to the court of common pleas, under the Act of 1889, supra, with the further right of appeal to the Supreme or Superior Court.

If no appeal is taken from the assessment of taxes within the time allowed by law it becomes binding and conclusive; if an appeal is taken to the board of review, but no appeal is taken from its decision, the action of the board is binding and conclusive. In either case, neither the common pleas nor an appellate court can afford any relief.

The binding and conclusive assessment thus determined cannot be defended against in a scire facias sur municipal lien brought to enforce its collection, by any attack on the division, or proportion, of the valuation between assessable and exempt property.

If the property owner claims total exemption, but wants to be on the safe side in case his claim of total exemption should fail, he may file a bill in equity and also appeal from the assessment, thus preserving the right to press his claim of under-exemption if his bill

in equity should be dismissed: *Laymen's Week-end Retreat v. Butler,* 83 Pa. Superior Ct. 1, 6, 7.

The present appellant having relied on his bill in equity claiming total exemption, and lost, and having failed to appeal from the assessment, on the ground that part of the first floor should have been exempted from taxation, the assessment became binding and conclusive and cannot be disputed on a scire facias to enforce its collection.

In addition to the authorities cited in the opinions in the two prior cases, we call attention to: *Moore v. Taylor,* 147 Pa. 481, 483, 23 A. 768; *Mauch Chunk Twp. Assn. v. Kern,* 339 Pa. 257, 259-60, 14 A. 2d 329; *Susquehanna Collieries Co.'s Appeal,* 335 Pa. 337, 343, 6 A. 2d 831; *Phila. v. Penna. Co. for Instruction of Blind,* 28 Pa. Superior Ct. 421, affirmed 214 Pa. 138, 63 A. 420, *Pittsburgh School Dist. v. E. S. S. Land Co.,* 140 Pa. Superior Ct. 590, 595-597, 14 A. 2d 619; *Chevra A. C. A. C. v. Phila.,* 116 Pa. Superior Ct. 101, 104-5, 176 A. 779; *Phila. Co.'s Appeal,* 210 Pa. 490, 492-3, 60 A. 93; *Phila. v. Phillips,* 65 Pa. Superior Ct. 578. Section 13 of the Act of May 16, 1923, P. L. 207, 53 PS §2033, has no application to this case. As pointed out in Justice LINN's opinion, supra, there is strictly no statutory authority for exempting any part of a building where some of it is devoted to commercial purposes; it was a case of 'judicial legislation' acquiesced in upon grounds of equity, etc. But such a situation does not fall within the scope of section 13 of the Act of 1923, supra, which is confined to cases where a tax or municipal claim is levied on or filed against "separate and distinct properties as one estate". The various floors of a building, or subdivisions of one floor in a building, all of which is owned by the same person or corporation, are not "separate or distinct properties" within the meaning of the Act of 1923. Furthermore, the section relates to the *apportionment* of the *tax* or charge among

the various properties included as one estate, not to the elimination of one of the properties as non-taxable.

Judgment affirmed.