## Boyd v. Borough of Oxford

*Reilly, Fogwell & Lentz,* for plaintiff.

*Warren K. Samples, David H. Wheeler* and *Cadmus & Morton,* for defendant.

RILEY, J., March 7, 1962.—The question here presented is raised by a preliminary objection in the nature of a demurrer made to plaintiff's complaint in assumpsit filed against the Borough of Oxford seeking to recover taxes allegedly erroneously paid. The facts averred in the complaint are as follows:

Plaintiff has been the owner of certain property in the Borough of Oxford since 1957. In 1958, the property was assessed at $1,880 for tax purposes, which assessment was increased to $6,110 in the years 1959 and 1960, such increase occurring allegedly "after placing a house trailer on the premises." The complaint avers the increased assessment to be invalid for the reason that "they were assessed on a house trailer which, not being permanently attached to land, was not subject to taxation under the Act of May 21, 1943, P. L. 571, Article II, Section 201, as amended, (72 P.S.

5453-201).'' Taxes of $294.12 and $304.57, based on the assessment of $6,110, were paid for the years 1959 and 1960 respectively "instead of the proper amounts of $59.44 and $60.26." The assessment was reduced to $912 in 1961. Plaintiff presented a written claim on May 9, 1961, "for refund of taxes erroneously paid," and plaintiff's claim is for the difference between the above-averred improper tax payments and the averred proper figure together with interest.

The legal basis for plaintiff's action rests upon the Act of May 21, 1943, sec. 2, as amended, 72 PS §5566-b and 72 PS §5566-c, which provide, as pertinent to the case:

"Whenever any person or corporation of this Commonwealth has paid . . . or hereafter pays . . . into the treasury of any political subdivision, directly or indirectly, voluntarily or under protest, any taxes of any sort, license fees, penalties, fines or any other moneys to which the political subdivision is not legally entitled; then, in such cases, the proper authorities of the political subdivision . . . are hereby directed to make . . . refund of such taxes, license fees, penalties, fines or other moneys to which the political subdivision is not entitled . . .

"The right to a refund afforded by this act may not be resorted to in a case in which the taxpayer involved had or has available under any other statute, ordinance or resolution, a specific remedy by way of review, appeal, refund or otherwise, for recovery of moneys paid as aforesaid . . .

"In the event of refusal or failure on the part of authorities of the political subdivision involved to make any such refund of taxes, license fees, penalties, fines, or other moneys to which the political subdivision is not legally entitled, then the aggrieved person or corporation shall have the right to bring suit . . . by institut-

ing an action in assumpsit in the court of common pleas of the county wherein such political subdivision is located."

Defendant's preliminary objection avers, in substance, that no cause of action has been stated as plaintiff had a statutory right of appeal which was not exercised and, therefore, the paragraph excluding refunds where right of action or appeal existed by virtue of another statute is applicable. The Act of May 21, 1943, P. L. 571, art. VII, sec. 701(b), as amended, 72 PS §5453-701(b), applicable to fourth to eighth class counties, provides:

"Any person aggrieved by any assessment may appeal to the board for relief [Board of Assessment and Revision of Taxes]. Any person desiring to make an appeal shall, on or before the first day of September, file with the board a statement in writing of intention to appeal . . ."

The Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, sec. 13, 46 PS §156, provides, as applicable here:

"In all cases where a remedy is provided, . . . by any act or acts of assembly of this commonwealth, the directions of said acts shall be strictly pursued . . ."

We are of the opinion that the preliminary objection must be sustained although on somewhat different reasoning than averred by defendant. The Act of 1806, supra, has been consistenly and strictly applied by the courts in this Commonwealth: Derry Township School District v. Barnett Coal Company, 332 Pa. 174; Maurer v. Brennan, 58 Pa. Superior Ct. 587; Vogt v. Port Vue Borough, 170 Pa. Superior Ct. 526; Sayre Land Company v. Pennsylvania Public Utility Commission, 167 Pa. Superior Ct. 1; Philadelphia v. Sam Bobman Department Store Company, 189 Pa. Superior Ct. 72; Turtle Creek Borough Audit, 401 Pa. 201.

The legal principle that a remedy provided by a statute is the exclusive remedy for the relief contemplated is beyond any question.

As applicable to collateral attacks upon property assessments, authorities are quite clear and uniform that errors in assessments are not subject to collateral attack. In Pittsburgh School District v. E. S. S. Land Company, 140 Pa. Superior Ct. 590, an attack was made upon the underlying assessment in a sci. fa. sur lien for school taxes, the allegation being that assessment was based on a tract of 6.75 acres, whereas a portion had been previously conveyed. President Judge Keller, at page 595, in ruling defendant's answer to be out of order, stated:

"If the tax for 1934 is too high it is attributable to nothing but appellee's own inaction. It must be assumed that tax notices were sent out at the proper times, and although it may not have been known that the tract was still described as 6.75 acres in the assessors' records, it would have found it out if it had looked, and it certainly knew whether or not it considered the assessment too high. If it thought that it was, its recourse was appeal, but instead of availing itself of that remedy it sat supinely by and watched the unpaid taxes mount. It is too late now to assert the invalidity of the tax . . ."

These words are peculiarly appropriate to the instant situation. In the same vein is Philadelphia v. Phillips, 65 Pa. Superior Ct. 578.

Similarly pertaining to assessments, it has been consistently held that where power to tax exists at all, intervention of equity to attack collaterally the validity of the assessment has been denied, limiting such attack to the statutory appeal procedure: Dougherty, Trustee, v. Philadelphia, 314 Pa. 298.

In its recent decision in the case of Young Men's Christian Association v. Reading, 402 Pa. 592, the

Supreme Court has even reversed explicitly the prior decisions permitting equity intervention to attack assessments where the property is wholly exempt and no taxing right existed at all. In enunciating that decision, Justice Cohen, at page 595, stated:

"The efficacy of the rule that a statutory remedy must be pursued, if one exists, in preference to any other proceeding is hardly questionable; its application to a tax assessment proceeding whereby those most familiar with the intricacies of tax assessments are able to review the controversy thoroughly is unquestionable," and at page 598, ". . . We conclude, therefore, that, absent a challenge to the constitutionality of a statute or of official action thereunder, equity has no jurisdiction to restrain collection of taxes and that the present complaint should be dismissed."

The Supreme Court in Pittsburgh Coal Company v. Forward Township School District, 366 Pa. 489, affirmed the sustaining of preliminary objections to an action in assumpsit brought under the Act of May 21, 1943 (supra), to obtain a refund of taxes paid under an invalid resolution of the school board. In addition to holding such tax not to have been "erroneously paid", as then required, a limitation since eliminated from the act, the Supreme Court specifically declared that the act was inapplicable as the Act of 1947 provided a right of appeal to any taxpayer within 30 days of the passage of the resolution adopted pursuant to the authority of that act.

It is eminently clear under the cases, that where an assessment has been made upon property, the sole avenue of attack is by use of the appeal procedure provided in the applicable statute. The inescapable conclusion, therefore, is that where no proper and timely appeal has been taken to contest an alleged invalid assessment, such assessment becomes conclusive and the municipality is legally entitled to the tax proceeds

therefrom. Taxes so paid are not taxes "to which the municipality is not legally entitled." In this regard it might be noted that the case of Pittsburgh Coal Company v. Forward School District (supra) was decided prior to the amendment of the Act of May 21, 1943, excluding from the right to refunds situations where a statutory remedy did or does exist for the payment of the tax funds in the hands of the municipality. We deem the determination of this issue to rest on premises entirely separate and independent of the latter provision and the argument that this amendment denying refund does not include in its prohibitive terms the existence of a remedy merely preventive of the tax, as distinguished from "for recovery of moneys paid" to have no merit. The uniform interpretation of the courts has been that property tax assessments not properly appealed are a valid and unassailable base of taxation.

In this instance an assessment was substantially increased without action or appeal of any nature and the taxes billed thereon paid without protest. To conclude that the legislature intended to permit an attack upon the validity of the assessment at this date would necessarily imply the intent to nullify the appeal provisions of the assessment statutes and the attendant uncertainty of tax income without a definitive time limit. We find no basis for such intent either in the words of the statute or existing law. The Act of 1943, as amended, specifically refers only to taxes to which the municipality is *"not legally* entitled" (italics supplied). Both literal and common sense interpretations impel us to the conclusion that the legislature did not intend to reverse the decided case law and create a substitution for or means of circumvention of its own determined appeal procedure by permitting a party merely to pay the tax and then sue in assumpsit to contest its validity. The law, prior and subsequent to the Act of 1943

and its amendments, was and is, as above noted, namely that the Act of 1806 is strictly applied to property tax assessments and the remedy of appeal established in the assessment act is the sole avenue of attack: Dougherty v. Phila. et al. (supra) ; Pittsburgh Coal Company v. Forward School Districts (supra) and Young Men's Christian Association v. Reading (supra). We find no basis in the language or intent of the Act of 1943, as amended, to alter or modify the established law in this regard.

*Order*

And now, March 7, 1962, the preliminary objection to plaintiff's complaint is sustained and plaintiff's action is hereby dismissed.