In Re: Summit House Real Property Assessment Appeals. Chester County Board of Assessment Appeals, Appellant, and West Chester Area School District, Intervening Party Appellant.

Argued October 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John S. Halsted,* County Solicitor, with him *Milton Apfelbaum,* Assistant County Solicitor, and *Susan P. Windle,* Assistant County Solicitor, for appellant, Board of Assessment Appeals.

*Lawrence E. MacElree,* with him *Ross A. Unruh,* and, of counsel, *MacElree, Harvey, Gallagher & Kean, Ltd.,* for intervening party appellant.

*Thomas A. Riley, Jr.,* with him *John C. Snyder,* and *Lentz, Riley, Cantor, Kilgore & Massey, Ltd.,* for appellees.

*Robert S. Gawthrop, Jr.,* with him *William H. Rivoir, Jr.,* and, of counsel, *Gawthrop & Greenwood,* for amicus curiae, East Goshen Township.

*Sheldon M. Bonovitz,* with him *David B. Pudlin,* and *Duane, Morris & Heckscher,* for amicus curiae, Tredyffrin/Easttown School District.

*Roger B. Reynolds,* Montgomery County Solicitor, for County of Montgomery.

OPINION BY JUDGE BLATT, December 30, 1975:

This is an appeal from a decision of the Court of Common Pleas of Chester County involving the real estate tax assessment of Summit House, a condominium apartment building located in East Goshen Township. Summit House consists of 106 apartment units separately owned pursuant to the Unit Property Act.[1] The unit owners argue that the assessed values of their individual apartments should be based upon values which can be assigned as a proportion of the total value of the entire building, which would be assessed as a whole in a manner similar to the assessment of non-condominium rental apartment buildings. Using such an assessment method, the owners say that the total assessed value of Summit House, with its separately owned units, would closely compare with the assessed value of similar apartment buildings with rented units.

The Chester County Board of Assessment Appeals (Board) assessed the apartment units of Summit House on the basis of the separate market value of each unit alone. According to this method of assessment, the assessed value of each unit would closely compare to the assessed value of other types of condominium property within the county, but the total assessed value of all of the units together would exceed the assessed value of similar rental apartment buildings. The 106 condominium owners in Summit House, therefore, appealed to the Court of Common Pleas of Chester County alleging that their assessments violated the uniformity clause of the Constitution of Pennsylvania.[2] The court below after taking evidence and finding merit in the argument of the owners, remanded the case to the Board so that the total of assessed values of the condominium apartment units could be made comparable to and uniform with the as-

---

1. Act of July 3, 1963, P. L. 196, 68 P. S. §700.101, et seq.

2. Article VIII, Section 1.

sessed values of similar rental apartment buildings. The appeal by the Board to this Court followed.

The uniformity clause of the Constitution of Pennsylvania provides:

> "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

And this clause "has been construed to require that all real estate is a class which is entitled to uniform treatment." *Madway v. Board for the Assessment and Revision of Taxes,* 427 Pa. 138, 144, 233 A.2d 273, 276 (1967) ; *see McKnight Shopping Center, Inc. v. Board of Property Assessment,* 417 Pa. 234; 209 A.2d 389 (1965). Generally speaking, uniformity is achieved by first determining the actual value of the property involved. Then, secondly, the ratio of assessed value to actual value of all real property in the taxing district must be determined so that the subject property may be assessed at the same ratio, and therefore be uniformly taxed. *Deitch Company v. Board of Property and Assessment,* 417 Pa. 213, 209 A.2d 397 (1905). The parties here do not appear to dispute the presumption that the proper ratio of assessed value to actual value was applied to each of the Summit House apartment units. What is disputed, however, is the actual value assigned to each of the units as determined by the Board, which differs from the value that would be assigned using the owners' method of valuation. We must determine, therefore, which of the methods of valuing these properties is appropriate.

It is clear that where market value is defined as the price which a purchaser, willing but not obliged to buy, would pay an owner willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied, actual value means market value. *Brooks Building Tax Assessment Case,* 391 Pa. 94, 137 A.2d 273 (1958). The owners here in asking that

their individual units be assessed at a proportion of the fair market value of the entire building, are, therefore, making a proposal which is inconsistent with what appear to be the directives of the Unit Property Act. That Act provides:

> "Each unit and its proportionate undivided interest in the common elements as determined by the declaration and any amendments thereof shall be assessed and taxed for all purposes *as a separate parcel of real estate entirely independent of the building or property of which the unit is a part.*" Section 701 of the Unit Property Act, 68 P. S. §700.701. (Emphasis added.)

This language seems clearly to indicate not only that condominium units should be assessed and taxed as separate parcels of realty, but that the method of valuation used in assessing the units should also be based upon the value of the unit as a separate parcel of real estate. It seems equally clear that there is no lack of uniformity involved in taxing a property owner only on the market value of the property he owns, for it is real estate generally which is entitled to uniform treatment, and the condominium apartments here are separate parcels of real estate which as such have been treated uniformly with other separate parcels of real estate. The condominium building as a whole is simply not the parcel of real estate here subject to assessment, even though its physical attributes may compare to those of a rental apartment building which would, of course, be subject to assessment as a single parcel of real estate.

We believe, therefore, that the court below was in error in holding that the Board improperly assessed the 106 condominium apartment units of Summit House. Accordingly, the order of the court below is reversed.