## Norristown Area School District v. Stony Creek Industrial Park

· *Philip R. Detwiler,* for plaintiff.
*Howard Gershman,* for defendant.

LOWE, *P.J.,* December 2, 1981—This is an appeal from this court's decision on the applicability and constitutionality of the County Tax Assessment Law 72 P.S. § 5342 et seq. 72 P.S. § 5349 and 72 P.S. § 5350 govern appeals from tax assessments as determined by Third Class and Second Class A counties. This county, for tax assessment purposes, is considered a Second Class A county.

The four parcels in question (hereinafter referred to as the property), situate within the boundary of

plaintiff, a second class school district of this county, were assessed for tax year 1975 at a value of $1,076,600. A timely appeal was not taken from that assessment.

On April 3, 1975, defendant purchased the property from C. Schmidt & Sons, Inc. pursuant to an agreement dated January 15, 1975, for a purchase price of $190,000. On June 23, 1975, plaintiff imposed a tax of $110,889.80 on the property based upon the aforesaid assessment. After demand, defendant refused payment of the tax. In October, 1975 the property was reassessed at $100,000 for tax year 1976.

Thereafter, on August 4, 1976, plaintiff commenced this action in assumpsit seeking recovery of the unpaid real estate tax levied against defendant's property for tax year 1975, together with interest, costs, and penalties. Trial was held on a case stated before the undersigned on April 20, 1981. A verdict in favor of plaintiff in the amount of $127,523.27 was entered on April 21, 1981. After argument and upon consideration of the briefs of counsel, defendant's exceptions to the verdict were dismissed on October 14, 1981. Defendant appeals that dismissal.

Initially, defendant contends this court erred in entering a verdict in plaintiff's favor. Inasmuch as both the county and plaintiff school board have adhered to statutory mandates in the instant matter, defendant's contention is patently erroneous. Montgomery County, as a Second Class A county for tax assessment purposes, is required to examine and revise assessments by the first day of July in the year preceding the year for which the taxes are levied and due. 72 P.S. §5348. Any appeal from an assessment must be exercised by the first day of September and the appeal must be heard and acted

upon by the last day of October. 72 P.S. § 5349. Thus, there is only a two month period during which appeals may be filed and revisions made. These dates are not discretionary with the officials charged with their enforcement. 72 P.S. § 5350j.1.

School taxes in districts of the second class must be levied upon all property upon which the county taxes are levied and assessed. 24 P.S. §6-674; 72 P. S. §5350f. Because school districts of the second class are on a fiscal year beginning the first day of July of each year (24 P.S. §6-671), and to enable the board of school directors in each district to collect the necessary school taxes required each year, the county is mandated to furnish the school district by the first of April with a properly certified duplicate of the last adjusted valuation of all real estate in the county, and all such real estate is made taxable for school purposes. 24 P.S. §6-675.

Plaintiff is empowered to institute a suit in assumpsit against a delinquent taxpayer for the collection of real estate taxes due and unpaid from the preceding year, and to each judgment obtained for such taxes there should be added a penalty of ten percent together with the costs of suit. 72 P.S. §5511.21.

This statutory scheme of taxation is not unreasonable or arbitrary, but is carefully designed to facilitate reasonable fiscal planning. Estreicher v. Pottstown School District, 97 Montgomery 127 (1973); Marriott Corporation v. Montgomery County Board of Assessment Appeals, 108 Montgomery 78 (1980). The school board relies on the final assessment of October 31 in planning the district budget. "If this reliance is jeopardized, fiscal planning procedures will be upset, and the school district will no longer be able to confidently determine the millage rate necessary to fund its

budget." Estreicher v. Pottstown School District, supra, 129. The statutory method and time limit for appeals of tax assessments are mandatory. Appeal of Cedarbrook Realty, Inc., 39 Pa. Commonwealth Ct. 150, 395 A. 2d 613 (1978). Once the statutory deadline for appeal has passed, the tax assessments against the property become final and unappealable.

The tax rate of the date of assessment remains fixed for the entire tax year even if the property is sold during the period. This rule was enunciated by the Supreme Court of Pennsylvania in Title Services, Inc. Tax Assessment Case, 433 Pa. 535, 539 252 A. 2d 585, (1969):

The well-nigh universal rule in this country is that the tax status and value of property is set for the entire fiscal year on the assessment date . . . . The law is clear in this Commonwealth that, if property is taxable on the assessment date, it remains taxable for the entire year and that the value of property is fixed for the entire year on the assessment date regardless of whether the property appreciates or depreciates in value after that date.

If the intent of the legislature to create an orderly and uniform system of assessment is to prevail, the tax fixed on the date of assessment must remain constant unless properly appealed. Inasmuch as plaintiff followed proper statutory procedures in assessing the tax and no appeal was filed, a verdict was properly entered in plaintiff's favor.

Defendant also seeks to challenge the constitutionality of the assessment and appeal procedures as they apply to defendant in the circumstances of this case on due process and equal protection grounds. It is constitutionally required that all taxes on real property in the Commonwealth be

uniform within a taxing district. Pennsylvania Constitution, Article VIII, § 1; House Real Property Assessment Appeals, 22 Pa. Commonwealth Ct. 462, 349 A. 2d 505, (1975); McKnight Shopping Center, Inc. v. Board of Property Assessments, 417 Pa. 234, 209 A. 2d 389, (1965).

A statutory remedy is preferred as a more efficacious manner of litigating assessment questions. Kenney v. Keebler Co., 53 Pa. Commonwealth Ct. 507, 419 A. 2d 210, (1980). Unless there is a substantial constitutional question going directly to the validity of the assessment statute, administrative remedies must be exhausted. City of Philadelphia v. Kenny, 28 Pa Commonwealth Ct. 531, 369 A. 2d 1343, (1977), citing Borough of Greentree v. Board of Property Assessments, 459 Pa. 268, 328 A. 2d 819, (1974); Rochester & Pittsburgh Coal Company v. Indiana County Board of Assessment, 438 Pa. 506, 266 A. 2d 78, (1970). This rule applies to defenses as well as to affirmative actions. City of Philadelphia v. Kenny, supra, citing Philadelphia v. Kolb, 288 Pa. 359, 136 Atl. 239, (1927); Philadelphia v. Dougherty, 153 Pa. Superior Ct. 554, 34 A. 2d 918, (1943).

Applying these principles to the instant case, defendant may not properly raise constitutional issues as a defense to an action at law for collection of taxes due and owing. The appeal procedures of 72 P.S. § 5049 provide an adequate remedy at law which was not pursued. If defendant was dissatisfied with the assessment, it could have brought suit in equity challenging the constitutional validity of the taxing statute. Defendant has chosen what the court in Kenny called the "third alternative." That is, it sat back and waited until the school board brought an action in assumpsit for collection of the taxes due and owing and then raised constitutional

questions as a defense to that action. In Kenny, supra, 547, the Commonwealth Court said it would "not contenance such a significant erosion of the rule requiring exhaustion of remedies, at least where the case is civil." This court is similarly disposed.

Finally, assuming in the alternative that defendant's defenses were properly raised, we are of the opinion that they are without merit. In making assessments, tax auditors may employ various methods of valuation, and there is a presumption that they have acted fairly and legally. City of Philadelphia v. Litvin, 211 Pa. Superior Ct. 204, 233 A. 2d 157, (1967). The method of assessment in the case at bar satisfies the requirements of uniform taxation set forth in Deitch Co. v. Board of Property Assessment, 417 Pa. 213, 209 A. 2d 397, (1965). All property, for real estate purposes, was treated as a single class. See Madway v. Board of Assessment and Revision of Taxes, 427 Pa. 138, 233 A. 2d 273, (1967). The method of calculation was based upon a percentage of the market value of the property. There is no evidence that this percentage differed significantly from that used in the district as a whole.

Market value, for tax assessment purposes, has been defined as the price which a willing purchaser, not obligated to buy, would pay an owner willing, but not obligated to sell, taking into consideration all uses to which the property is adopted and might in reason be applied. Deitch Co. v. Board of Property Assessment, supra, 217. In addition, "a previous sale of a property has a substantial bearing upon the question of market value." Hickey's Appeal, 326 Pa. 467, 192 Atl. 923, (1937).

Instantly, plaintiff's determination of market value was largely based upon the price Schmidt's

paid for the property. Defendant's only evidence that the assessment in question was unreasonable is the downward reassessment for the 1976 tax year based on the purchase price of Schmidt's sale of the property to defendant. In view of the foregoing principles, we cannot say the assessment was violative of constitutional proscriptions. The board's 1975 assessment and determination of market value were based upon sound methodology. It could not be expected to take into account Schmidt's subsequent decision to sell the property for one-fifth of what they paid.

Defendant makes much of the fact that it purchased the property after the statutorily mandated time for appeal, arguing it was therefore deprived of due process under the Fourteenth Amendment to the Federal Constitution. The Supreme Court of Pennsylvania has stated that "absent the uniformity clause in our State Constitution, the Fourteenth Amendment of the Federal Constitution would protect taxpayers of the same class from discriminatory treatment in violation of their right to equal protection of the law." McKnight, supra at 240; Moyer v. Board of Assessment Appeals, 95 Montgomery 204 (1971). Defendant, citing Turner v. Wade, 254 U.S. 67 (1920), asserts that the instant tax assessment violates due process in that defendant had no notice or opportunity to be heard before the tax became irrevocable. This assertion is in error. First, defendant was not the property owner when the time for appeal had lapsed. Consequently, it had no constitutional right to notice or an opportunity to be heard before the assessment became final for the 1975 tax year. Subsequent sale of the property to defendant had no effect on the assessment. See, Title Services, supra. Second, defendant was on constructive notice of the finalized

assessment on the property before it entered into a purchase agreement with Schmidt. If defendant was dissatisfied with the assessment, it should have negotiated for an appropriate adjustment in the purchase price.

The order of this court dismissing defendant's exceptions to the verdict for plaintiff in the amount of $128,077.72 with costs should be affirmed.