In re: Appeals of Pittsburgh Terminal Coal Company and of David B. Johns, S. A. Merkel, George C. Schad, E. C. Starke and E. C. Keiser, Constituting the Board for the Assessment and Revision of Taxes of Allegheny County.

*Taxation—Real estate taxed for county purposes—Act of April 29, 1844, P. L. 486—Assessment of coal mine—Appeal from assessment.*

When an appeal is taken from the decision of the board of revision and appeal to the court of common pleas, the question before the latter tribunal is not whether the value placed upon certain constituent elements properly entering into the value of the subject of taxation is just and equitable, but whether the assessment of the subject as a whole is just and equitable.

In levying an assessment on a coal mine for real estate tax purposes, the assessers may place a separate valuation upon each of the component parts of the mine, and this practice will not affect the integrity of the assessment.

Machinery which is not stationary and not indispensable to the operation of the coal mine as such should not be taxed as real estate.

Tax laws must be construed strictly, and the doctrine of constructive annexation of personalty to the real estate, thereby making the personalty subject to a real estate tax, cannot be applied.

Argued April 29, 1924. Appeal, No. 106, April T., 1924, by the Board for the Assessment and Revision of Taxes in the County of Allegheny, from the order of C. P. Allegheny Co., April T., 1923, No. 1905, sustaining the appeal of the Pittsburgh Terminal Coal Company, from decision of the Board for the Assessment and Revision of Taxes of Allegheny County. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from decision of the Board for the Assessment and Revision of Taxes of Allegheny County. Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

The court below sustained the appeal of the taxpayer and reduced the assessment in the amount of $80,500. The Board for the Assessment and Revision of Taxes of Allegheny County appealed.

*Error assigned* was the order of the court sustaining the appeal and reducing the assessment.

*William C. Jacob,* Assistant County Solicitor, and with him *W. Heber Dithrich,* County Solicitor, for appellants.—The machinery in question is taxable: Patterson v. Delaware County, 70 Pa. 381.

*Harry S. Dunmire,* and with him *Horace F. Baker,* for appellee.

OPINION BY GAWTHROP, J., July 2, 1924:

The Pittsburgh Terminal Coal Company owns and operates a large acreage of coal lands situate in several townships and boroughs in Allegheny County, its mines being equipped with tipples, machinery, buildings, shafts and other fixtures and personalty used in the mining of coal. The Board for the Assessment and Revision of Taxes in the County of Allegheny assessed as real estate for the year 1923 the property of the company. In this assessment there was included, as separate items, the two shafts or entrances from the surface of the ground to the coal beneath. There was included also, as separate items, the cutting and mining machines by which the coal is cut and loosened, and the hauling motors which pull the cars laden with coal to the entrance of the mine. On March 5, 1923, the company appealed from its assessment to the court of common pleas of the county. In its petition it set forth that the board of assessment and revision had no lawful authority to assess the shafts and machinery for county purposes and

that, if the shafts are properly assessable, they were grossly overvalued as assessed. The prayer was for the striking off or modification of the assessments of these items and for such further relief as might be proper. The court below sustained the appeal and reduced the assessment in the amount of $80,500, which represents the valuation of the shafts and the cutting and mining machines and hauling motors as set out in the assessment. Hence this appeal.

The ground for the reduction in respect to the shafts as stated by the learned judge was that they were nothing but two holes in the ground and as such could not be the subject of a separate item in the assessment. He held that the mining machines and motors for the purpose of taxation are personal property and, therefore, not subject to taxation as part of the real estate. We are satisfied with the result of the action of the court below, but not with the method or reasoning by which he arrived at the conclusion that there should be a reduction in the assessment of $50,000, which represented the assessed valuation of the mine shafts. There may be an enumeration of the constituent parts of a single subject of taxation and a value placed on each. That is a common method of assessment and violates no right of the taxpayer. It has some advantages in that it gives the taxable notice of how his assessment was made up. The integrity of the assessment is not affected by the enumeration of the elements entering into the aggregate of the valuation and the placing of a separate value on each: Guthrie v. Pittsburgh Dry Goods Co., 47 Pa. Superior Ct. 384, 400. We do not hold that the mine shafts, which were an element proper to be considered in fixing the total assessment, could not be valued and assessed as a separate item. When an appeal is taken from the decision of the board of revision and appealed to the court of common pleas, the question before the latter tribunal is not whether the value placed upon certain constituent elements properly entering into the value of the subject

of taxation is just and equitable, but whether the assessment of the subject as a whole is just and equitable. The learned judge did not consider the question whether the assessment of the land as a whole was just and equitable. But the result arrived at seems to have been correct for the following reason. It appears from the facts agreed upon that without the two shafts the entire acreage of the company would be assessable as unimproved, inactive coal lands at the fixed assessable rate of $400. From this and the fact that the one hundred acres immediately surrounding the shafts were assessed at $650 per acre, that being the fixed assessable rate for improved, active coal acreage, it is clear that whatever value these shafts have as part of the coal acreage was assessed and is reflected in the valuation of that land. Therefore the shafts could not be considered again as a separate item in fixing the total assessment and their valuation in a separate item was improper.

The cutting machines and the hauling motors are not taxable as real estate. It appears from the statement of facts that none of them are stationary. They are moved from place to place on tracks by electric power secured from an overhead wire. They are taken to different parts of the same mines and to different mines. All of these machines are useful labor-saving devices, but not indispensable to the mine as such.

The tax which is the subject of this controversy was assessed under the provisions of the thirty-second section of the Act of April 29, 1844, P. L. 486, which so far as relates to the taxation of real estate is as follows: "From and after the passage of this act, all real estate, to wit, houses, lands, lots of ground and ground rents, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan-yards, fisheries and ferries, wharves, and all other real estate not exempt by law from taxation...... shall be valued and assessed and subject to taxation for the purposes in this act mentioned, and for all state and

county purposes whatsoever." Only such property as the statute describes can be made the subject of assessments. There is no such thing as taxation by implication. All authorities having to do with the valuation and assessment of land and the levy and collection of taxes must look to the statutes for their authority to act: Central Pennsylvania Lumber Co. App., 232 Pa. 191, 193. Neither the industry of counsel, nor our own investigation, has disclosed a single decision in which the doctrine of constructive annexation of personalty to the realty has been applied in order to assess personalty as part of the realty. A tax law cannot be extended by construction to things not named or described as the subject of taxation: Boyd v. Hood, 57 Pa. 98, 101; Patterson v. Delaware County, 70 Pa. 381, relied upon by appellant, does not sustain its contention. The subject of taxation there was a cotton factory. Mills and manufactories of all kinds are expressly enumerated in the Act of 1844 among the things to be taxed as real estate and they necessarily include the machinery essential to the existence and operation of the establishment. The learned judge of the common pleas was clearly right in reducing the assessment in the amount of the valuation placed upon these articles of personal property.

The judgment is affirmed.