# Cowanshannock Coal & Coke Co.'s Tax Assessment.

*Taxation—Assessment — Coal lands — Coal mining company— Privately owned railroad—Movable machinery—Act of April 29, 1844, P. L. 497—Appeal—Review.*

1. The Act of April 29, 1844, section 32, P. L. 497, does not make fee ownership a prerequisite to assessment of property for tax purposes.

2. The taxing statutes look to the nature of the structure rather than to the technical legal distinction as to what constitutes real estate.

3. Where a coal mining company privately owns and operates an unincorporated branch railroad, as a necessary part of its equipment for mining operations, on land in which it has an interest, such railroad is properly included in the tax assessment of the company.

4. In determining the taxable value of property, consideration must be given to all elements of intrinsic value having a tendency to give market value.

5. The appellate court will not consider the question of whether movable cars, mining machinery and other equipment are properly included in the tax assessment of a coal mining company, where the court below explicitly disclaimed having so considered

them, and appellee says they were not intended to be considered, and appellant states of record that they were not.

6. It seems that mine locomotives, mining machinery, portable pumps, cars, rails, ties, trolley wire and track equipment, when actually used in an operating coal property are not taxable as real estate.

Argued March 17, 1925. Appeal, No. 11, March T., 1925, by Cowanshannock Coal & Coke Co., from order of C. P. Armstrong Co., June T., 1922, No. 305, fixing valuation of property for tax purposes in re assessment of taxable property of Cowanshannock Coal & Coke Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from tax settlement. Before CRISWELL, P. J. The opinion of the Supreme Court states the facts. Order reducing assessment to $1,280,975. Cowanshannock Coal & Coke Co. appealed.

*Error assigned* was, inter alia, order, quoting record.

*H. A. Heilman,* with him *Heath Clark,* for appellant. —The railroad is not taxable: Larkin v. Dyer, 1 Del. Co. R. 338; Pittsburgh Terminal Coal Co.'s App., 83 Pa. Superior Ct. 535.

Mine locomotives, mining machinery, portable pumps, and mine cars, when used in and about an operating coal property are not taxable as real estate: Pittsburgh Terminal Coal Co.'s App., 83 Pa. Superior Ct. 535.

The track equipment, which consists of the rails and ties, and the trolley wires are in the same class as mine cars, mining machinery, etc.: Peoples Street Ry. Co. v. Scranton, 8 Pa. C. C. R. 633; Northampton Co. v. Ry. Co., 148 Pa. 282; Mellon v. Allegheny County, 3 Pa. Dist. R. 422; Central Pa. Lumber Co's App., 232 Pa. 191.

C. E. *Harrington* and E. O. *Golden,* with them *John W. Rohrer,* Solicitor for Armstrong County, for appellee.—Rural Valley Railroad is taxable: Pa. Stave Co.'s App., 236 Pa. 97.

Mine locomotives, mining machinery, portable pumps, mine cars, track equipment and trolley wires, when used in and about an operating coal property, are taxable as real estate: Kaemmerling's App., 282 Pa. 78.

Taxability of inside mine equipment when same is considered in fixing market value of operating colliery: Pittsburgh Terminal Coal Co.'s App., 83 Pa. Superior Ct. 535; Patterson v. Delaware Co., 70 Pa. 381; Phila. & Reading C. & I. Co. v. Co. Comrs., 229 Pa. 460.

OPINION BY MR. JUSTICE KEPHART, April 13, 1925:

At the triennial assessment, the taxable value of appellant's coal property was fixed at $1,619,504. This assessment was sustained by the board of revision of Armstrong County. An appeal to the court of common pleas reduced this sum to $1,280,975. Appellant contends that certain elements of value were unlawfully considered in reaching gross property value. The questions presented are: May the taxing authorities, in fixing values for taxation purposes, consider a privately owned railroad as an item for assessment, or as influencing the market price of real estate? and, May movable portable cars, mining machinery and other equipment be so considered?

In the return, the transcript of assessment itemized and fixed a market value in place of the physical elements connected with the real estate, but returned only one figure in gross as the taxable value. As the several elements legally and logically entered into the worth of the land, there is no reason why this method of return is not correct. The ultimate conclusion is the taxable market value, and it is definitely set forth; the intermediate steps are merely the process by which the whole is reached. The court below, in the appeal before it,

reduced the acreage value, and struck out entirely faulty and exhausted areas. Later a further deduction of $75,-000 was made on the plant, buildings and machinery, and $140,000 on the dwelling houses, leaving in dispute the other items of property mentioned.

Appellant privately owned and operated an unincorporated branch railroad of approximately 10½ miles, with switches, turnouts and sidings extending from mines located on the land assessed to other collieries of this company, and connecting with the Buffalo, Rochester & Pittsburgh Railroad, a trunk line. It was the means of conveying appellant's coal to market and was a necessary part of the equipment of the mining operations; the court below so found. Appellant would have no adequate access to market without the railroad. While constructed on land the surface of which is not owned by the company, the latter had such right in it as would support an interest in land created and conveyed by the deed for the coal lying under the surface. When this right to move the coal, from the pit mouth or tipples to the market or trunk line railroad over the surface, was exercised by building a railroad, the latter attached to the estate created by the coal conveyance as a constituent part of the mining property. The Act of April 29, 1844, section 32, P. L. 497, does not make fee ownership a prerequisite to assessment of property. The taxation of houses, mills and factories does not depend on the ownership of the land. The taxing statutes look to the nature of the structure rather than to the technical legal distinction as to what constitutes real estate: Pennsylvania Stave Company's App., 236 Pa. 97, 101.

In determining the taxable value of property, consideration must be given to all elements of intrinsic value having a tendency to give market value; a privately owned railroad on land in which the owner has an interest is one of those elements. Of like nature is the tipple, shaft and improvements attached to the property; they could not be taken from it without destroying the

land as a mining proposition. These elements are related to the value of the property, affecting its selling price. A purchaser would consider them as passing with the sale of the land without specific mention. See Titus v. Poland Coal Co., 275 Pa. 431, 436.

Mine locomotives, mining machinery, portable pumps, cars, rails and ties, trolley wire and track equipment, all, when actually used in an operating coal property, have been held nontaxable: Pittsburgh Terminal Coal Co. Appeals, 83 Pa. Superior Ct. 535, 538. It is urged, such property has been included as one of the elements of value which was added to the total sum at which the real estate was assessed; we are not able to find such conclusion in this record. The court below explicitly disclaims having considered them. Appellee says they were not intended to be considered and appellant states of record they were not. We find no evidence to show that they were considered as aiding in fixing value. We therefore decline to pass on the second question.

The decree of the court below is affirmed, at appellant's cost.