## Susquehanna Collieries Company's Appeal.

338

Argued May 24, 1939. Before Kephart, C. J., Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*Frank H. Strouss,* with him *Carleton M. Strouss* and *Earl V. Compton,* for appellant.

*Walter R. Sohn,* County Solicitor, with him *E. LeRoy Keen,* for appellees.

Opinion by Mr. Chief Justice Kephart, June 19, 1939:

Appellant owns sixty-six contiguous tracts of land in the anthracite mining district, which were previously assessed separately. These tracts were, in 1935, consolidated for assessment purposes since they are all

used by appellant in the conduct of a single mining operation. By agreement of the parties, however, seven separate elements composing the entire operation were valued in ascertaining the total. In the triennial assessment for 1937, appellant's property was valued at $723,214, and January 15, 1937, was fixed as the day for appeal. On that day an informal hearing was held, as a result of which an official written notice was sent to appellant stating that the Board of Revision had revised and fixed the assessment at a total of $717,964, a reduction of $5,250.[1] The seven items separately valued in computing the total assessment were shown. An appeal was taken to the court of common pleas. The county moved to strike off this appeal because the valuation of the two items specifically complained of had not been objected to at the hearing before the Board. The court declined to quash the appeal, but at the trial limited the evidence to that relating to what took place at the hearing before the Board. County officers, who

---

[1] "To Susquehanna Collieries Co.,

"At the time of the sitting of the County Board of Revision to hear appeals from assessments in Wiconisco Township District where your following property is located, *said Board of Revision revised and fixed your assessment for the triennial assessment year 1937 as follows:*

"Acres

| | | | |
|---|---|---|---|
| 967 | Seated Valuation, .............. | $9,670 | @ Mills |
| 3070 | Seated Valuation, .............. | $12,568 | @ Mills |
| 447¾ | Seated Valuation, .............. | $3,022 | @ Mills |
| 17⅙ | Seated Valuation, .............. | $650 | @ Mills |
| | Coal in Ground ............... | $570,604 | @ Mills |
| | Short Mountain Colliery improvement ................. | 114,450 | @ Mills |
| | Short Mountain Washery ........ | $7,000 | @ Mills |

"F. J. NELLEY,
"F. A. SLACK,
"J. DOUGLASS M. ROYAL,
    "*County Board of Revision and Appeal*
"WARREN E. LYME,
    "*Clerk.*"

served upon the Board, testified that appellant had complained only of the valuation placed upon the colliery improvements, and that no appeal had been made concerning the valuation of the coal in place and the 3070 acres of coal lands. The court below dismissed the appeal on the ground that it was limited to these last two items, holding that appellant's failure to raise objections to these items before the Board precluded their consideration by the court. This appeal followed.

This method of assessment has been approved by this Court. Where contiguous tracts of land, separately assessed in the hands of different owners, are acquired by a single owner and used in the conduct of a single operation, they need not be assessed separately, but may be consolidated in a single assessment. *Lehigh & Wilkes-Barre Coal Company's Assessment,* 298 Pa. 294, 313; *Glen Alden Coal Company's Case,* 321 Pa. 333, 334; *Lehigh Navigation Coal Company's Appeal,* 327 Pa. 327, 332; and see *Guthrie v. Pittsburgh Dry Goods Co.,* 47 Pa. Superior Ct. 384, 400. In arriving at the total valuation of such land it is proper for the assessor to show the value of different items of the property where they require the application of different standards of value. *Cowanshannock Coal & Coke Co.'s Tax Assessment,* 283 Pa. 122, 124; *Glen Alden Coal Company's Case,* 321 Pa. 333, 335; *Lehigh Navigation Coal Company's Appeal,* 327 Pa. 327, 332, 336. This method enables the taxpayer to determine more readily the correctness of the total valuation. It was said in *Pittsburgh Terminal Coal Co. Appeals,* 83 Pa. Superior Ct. 535, at 537: "There may be an enumeration of the constituent parts of a single subject of taxation and a value placed on each. That is a common method of assessment and violates no right of the taxpayer. It has some advantages in that it gives the taxable notice of how his assessment was made up. The integrity of the assessment is not affected by the enumeration of the elements en-

tering into the aggregate of the valuation and the placing of a separate value on each."

In the present case appellant, in 1935, requested the taxing authorities to show in the assessment the value of barren lands, coal lands, coal in place, acres, and lots of non-coal land, colliery improvements, and the washery, as separate items. It did not request, as appellees contend, that each of these portions be *assessed* separately, and in the absence of any proof that the parties so regarded them, the itemization must be treated merely as an intermediate step in the ascertainment of the taxable value of the property as a whole. See *Cowanshannock Coal & Coke Co.'s Tax Assessment,* 283 Pa. 122, 124; *Lehigh & Wilkes-Barre Coal Co.'s Assessment,* 298 Pa. 294, 301; *Kemble's Estate,* 280 Pa. 441, 446; *Guthrie v. Pittsburgh Dry Goods Co.,* 47 Pa. Superior Ct. 384, 400.

Since there was here only a single assessment from which an appeal could be taken in accordance with the provisions of the General County Assessment Law of May 22, 1933, P. L. 853, Sections 511 and 518, the appeal to the court of common pleas would ordinarily raise the question of the correctness of the total assessment.

But appellees insist that appellant *treated* the seven items of valuation as separate assessments for the purpose of appeal and, having complained only of one item, it had no standing in the appeal to the common pleas to question the valuation of any item other than that considered by the Board. If appellees' assertion were sustained by competent evidence, this Court would be compelled to affirm the decision of the court below. Although the items composing the assessment could not have been appealed separately, if appellant had limited its appeal before the Board of Revision to the correctness of any particular item, it could not challenge the correctness of any other item in the court of common

pleas. If appellant's only basis of attack before the Board had been on the valuation placed on the colliery improvements, this would have been an admission of the correctness of the valuations of the other segments of the property, and these separate valuations could not subsequently be attacked.[2] If this rule were not adhered to, it would be possible for a person aggrieved by an assessment of this sort to appeal to the Board of Revision as to a single item thereof and then, on appeal, to raise objections to other valuations on which the Board had no opportunity to pass. This would nullify the function of the Board of Revision under the statute.

While the proceedings on appeal in the court of common pleas are de novo,[3] and evidence may be heard which was not presented to the Board of Revision in order that the court may ascertain the value of the property,[4] under the Act it has no jurisdiction to entertain an appeal from an assessment unless that assessment was first appealed to the Board of Revision and it should

---

[2] See *Hudson Coal Company's Appeal*, 327 Pa. 247, 257, where it was held that a stipulation of the parties as to the existing ratio of assessment should be treated as conclusive on appeal to the court from the action of the Board of Revision based upon the stipulation.

[3] *Thompson's Appeal*, 271 Pa. 225, 228; *Lehigh & Wilkes-Barre Coal Company's Assessment*, 225 Pa. 272, 276; *Philadelphia & Reading Coal & Iron Co. v. Northumberland County Commissioners*, 229 Pa. 460, 468; *Lehigh Valley Coal Co. v. Northumberland County Commissioners*, 250 Pa. 515, 523; *Rockhill Iron & Coal Co. v. Fulton County*, 204 Pa. 44; *Delaware, L. & W. R. R. Co.'s Tax Assessment (No. 1)*, 224 Pa. 240, 245; *DuBois' Appeal*, 293 Pa. 186, 189; *Kemble's Estate*, 280 Pa. 441, 447.

[4] See *Lehigh & Wilkes-Barre Coal Company's Assessment*, 225 Pa. 272, 276; *Delaware, L. & W. R. R. Co.'s Assessment (No. 1)*, 224 Pa. 240, 246. See also *State Line & Sullivan R. R. Co.'s Taxation*, 264 Pa. 489, holding that the court has power to correct admitted mistakes in the assessment by adding omitted acreage to the assessment.

not hear an attack on any part of the assessment which was not considered by the Board.

A taxpayer aggrieved by an assessment must follow the procedure set forth in the Act; he cannot appeal an assessment directly to the court of common pleas without submitting it to the Board of Revision. The purpose of sections 511 and 517, was to provide a Board exercising quasi-judicial powers [5] to facilitate the adjustment of assessments. The statutory remedy of appeal from the action of the assessors to the Board of Revision is not only adequate, but exclusive, where the assessing authorities have acted within the lawful scope of their powers. The cases conclusively establish this general rule and refute appellant's contention that the statutory appeal to the Board of Revision is merely permissive. *Dougherty's Appeal*, 321 Pa. 170; *Dougherty, Trustee, v. Philadelphia et al.*, 314 Pa. 298; *Philadelphia v. Kolb*, 288 Pa. 359; *Clark v. Burschell*, 220 Pa. 435; *Rockhill Iron & Coal Co. v. Fulton County*, 204 Pa. 44; *Moore v. Taylor*, 147 Pa. 481; *Van Nort's Appeal*, 121 Pa. 118; *Clinton School District's Appeal*, 56 Pa. 315; *Wharton v. Borough of Birmingham*, 37 Pa. 371; *Hughes v. Kline et al.*, 30 Pa. 227.

In the present case the only competent evidence of the matters considered by the Board on appeal is the official written notice, executed by the Board, which shows that it revised and fixed the values upon all the separate items making up appellant's assessment as a whole. No minutes of the Board were produced to substantiate appellees' contention that the valuation of the coal lands and coal in place were not considered, and the testimony of the individual Board members was not sufficient to impeach the official statement of the Board itself as to the scope of its deliberations. While the petition for appeal to the court of common pleas particularly referred to two of the seven segments of

---

[5] *Moore v. Taylor*, 147 Pa. 481, 483-484.

the assessment, it was, in fact, an appeal from the assessment as a whole [6] and should have been so treated.

The failure of the county Boards of Revision to make proper records of their proceedings, has resulted in confusion in many cases and has been commented on by the appellate courts. See *Graham v. Commissioners of Lawrence County,* 99 Pa. Superior Ct. 245, 251; *Lehigh & Wilkes-Barre Coal Co.'s Assessment,* 225 Pa. 272, 275-276. It is true that the statutes prescribe no form of procedure, and it is common knowledge that the hearings before these Boards are conducted with extreme informality. It is desirable, of course, as in all other administrative proceedings, that the administrative body should not be burdened or restricted by technical rules of pleading and evidence. Nevertheless, some orderly method of conducting and recording hearings should be adopted. Since a Board of Revision in acting upon appeals functions as a quasi-judicial tribunal, there is no reason why it could not employ the services of a stenographer to prepare such minutes as would disclose the substance of the appeal. These minutes would eliminate guesswork in subsequent stages of litigation, and would preserve the rights of the taxpayer and the county.

In no event, however, can the right of the taxpayer to appeal to the court of common pleas be prejudiced by irregularity in the records of the Board of Revision. In *Lehigh & Wilkes-Barre Coal Company's Assessment,* 225 Pa. 272, this Court reversed the court of common pleas which had held that the records of the taxing authorities were insufficient to provide the basis for an appeal. It was said, at page 276: "The taxpayer must of necessity accept the record as he finds it, but

---

[6] The petition for appeal contained the following paragraph: "10. Said County Commissioners, sitting as a Board of Revision and Appeal, did not value the property of the Petitioner as required by law, that is, according to the actual value thereof, or at the sum or price it would bring after due notice at public sale."

his right of appeal under the law, cannot be denied him, because perchance the records of his assessment may have been indifferently kept."

For the reasons above given, the decree of the court below is reversed and the record remanded to that court, with instructions to hear the appeal upon the merits and make such revision of the total assessment as justice requires; costs to be paid by appellees.