## Casa Loma, Inc., Appellant, *v.* Board of Property Assessment.

Argued October 12, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Lewis J. Nescott*, with him *Ruby, Nescott & Taylor*, for appellant.

*Francis A. Barry*, First Assistant County Solicitor, with him *James Victor Voss*, Assistant County Solicitor, and *Maurice Louik*, County Solicitor, for appellee.

OPINION BY MR. JUSTICE ROBERTS, February 25, 1965:

Casa Loma, Inc., appellant, was the owner of a parcel of real estate located in the Borough of White Oak, Allegheny County. Its assessment for the triennium beginning 1961 was fixed at $112,475. After an appeal to the Board of Property Assessment, Appeals and Review of Allegheny County resulted in no revision of the assessment, an appeal was taken to the court below. By stipulation of counsel the only issues before the court were the valuations of the building in the amount of $102,700 and the black top paving in the amount of $2,985. The court dismissed the appeal on the ground that appellant had presented no compe-

tent evidence to establish that the assessment was unjust, discriminatory or lacking in uniformity and that appellant had not met its burden of proof.

As we indicated in *Pittsburgh Miracle Mile Town & Country Shopping Center, Inc. v. Board of Property Assessment*, 417 Pa. 243, 209 A. 2d 394 (1965), failure to attack the complete assessment, whether because of a stipulation or otherwise, does not limit the responsibility or authority of the hearing court to determine the correctness of the assessment as a whole. *North Park Village, Inc. v. Bd. of Property Assessments*, 408 Pa. 433, 184 A. 2d 253 (1962). The court below must not allow its province, function, or obligation in this respect to be limited by a stipulation.

Our opinion in *Deitch Co. v. Bd. of Property Assessment*, 417 Pa. 213, 209 A. 2d 397 (1965), disposes of the other issues raised in this appeal.

The order of the court below is vacated and the case remanded for further proceedings consistent with our opinions in *Deitch* and *Pittsburgh Miracle Mile*.

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I would affirm the Order of the Court below for the reasons set forth at length in my dissenting opinions in *Morris v. Bd. of Property Assessment*, 417 Pa. 192, 209 A. 2d 407, and in *Deitch Company v. Bd. of Property Assessment*, 417 Pa. 213, 209 A. 2d 397.

Mr. Justice MUSMANNO joins in this Dissenting Opinion.