## Morris *v.* Board of Property Assessment, Appeals and Review, Appellant.

Argued April 11, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*James Victor Voss*, Assistant County Solicitor, with him *Francis A. Barry*, First Assistant County Solicitor, and *Maurice Louik*, County Solicitor, for appellant.

*William H. Eckert*, with him *Eckert, Seamans & Cherin*, for appellees.

OPINION BY JACOBS, J., December 16, 1966:

In 1960 the appellees, Charles M. Morris and Henry Ellenbogen, hereinafter called owners, appealed to the Court of Common Pleas of Allegheny County from the triennial assessment of their shopping center at 1109 Brownsville Road, City of Pittsburgh, Allegheny County. Such assessment as fixed by the appellant, Board of Property Assessment, Appeals and Review, of Allegheny County, hereinafter called the Board, for the

years 1960, 1961 and 1962 was in the total amount of $187,900 and was broken down between land and building. Land was assessed at $49,900 and building at $138,000. At the trial in June 1963 the owners stated that only the assessment on the land was in contention and the Board and Court treated the appeal as applying solely to the land, there being no objection to the assessment figure of the building. After trial, the court reduced the assessment on the land to $29,500.

The Board appealed to the Supreme Court of Pennsylvania which remitted the appeal to this court on the ground that since the "amount in controversy" must be measured by the amount of taxes sought to be avoided, which it found to be less than $10,000, sole jurisdiction lay in this court by virtue of the Act of August 14, 1963, P.L. 819, §1, 17 P.S. §184. *Morris v. Board of Property Assessment,* 417 Pa. 192, 209 A. 2d 407 (1965).

The court below treated only the land as being involved and gave no consideration to the assessment of the entire property. Even though this was done with the consent of the parties, it was improper and is in direct conflict with the holding of *North Park Village, Inc. v. Board of Property Assessments, Appeals and Review,* 408 Pa. 433, 184 A. 2d 253 (1962), and several more recent Supreme Court decisions, which have reaffirmed the North Park Village case and have insisted upon compliance therewith.

In *North Park Village,* supra, at p. 436 the Court said: "In Allegheny County, real estate is required to be assessed according to the actual value thereof: Act of May 22, 1933, P.L. 853, §402, as amended by the Act of May 16, 1939, P.L. 143, §1, 72 P.S. §5020-402. This means the *entire* property and not merely its constituent elements. While it is perfectly legal for the assessor to enumerate the constituent parts of a single subject of taxation and the value placed on

each, it is the reasonableness of the total assessment that is controlling. The total assessment of both land and improvements as a unit is the factor to be considered in determining the correctness of the assessment: Pittsburgh Terminal Coal Co. Appeals, 83 Pa. Superior Ct. 535 (1924); and Hammermill Paper Co. v. Erie, supra. Of course, the unit or total assessment may not exceed the fair market value of the *entire* property. On appeal to the court of common pleas, '*the question . . . is not whether the value placed upon certain constituent elements properly entering into the value of the subject of taxation is just and equitable, but whether the assessment of the subject as a whole is just and equitable*'. . . ."

In *Deitch Co. v. Board of Property Assessment,* 417 Pa. 213, 209 A. 2d 397 (1965), the Court held that trial of an assessment case with the understanding of the parties and the court that only the assessment on the land was being attacked, as was the situation in the instant case, was improper. The Court remanded and said, at p. 217: "The parties may not, by stipulation or otherwise, circumvent our holding in North Park Village." In *Pittsburgh Miracle Mile Town & Country Shopping Center, Inc. v. Board of Property Assessment,* 417 Pa. 243, 209 A. 2d 394 (1965), the Court also remanded and discussed the effect of such a stipulation in assessment cases, holding that it is merely an evidentiary expedient which does not relieve the court of its obligation to determine the correctness of the property assessment as a whole. In *Rieck Ice Cream Company Appeal,* 417 Pa. 249, 256, 209 A. 2d 383 (1965), the Court, in remanding, said: "The confusion in this case illustrates the difficulties which arise when proper procedures are not followed. Despite the fact that the Board's assessment is broken down among the land and structures thereon, the only basis for an appeal and for a decision thereon is the total

assessment . . . presented by appraisers must be directed to the *market value of the property as a whole*. The direction of a statute which requires the assessors to show a separate valuation for the land and for the building is not a directive to a court reviewing an assessment on appeal." (Emphasis added). See also *Casa Loma, Inc. v. Board of Property Assessment*, 417 Pa. 257, 209 A. 2d 387 (1965).

In light of these cases, it is clear that a remand to the court below is necessary to determine the correctness of the assessment as a whole. In so remanding, we invite attention to the opinions of our Supreme Court in *Deitch*, supra; *Pittsburgh Miracle Mile*, supra; *McKnight Shopping Center, Inc. v. Board of Property Assessment*, 417 Pa. 234, 209 A. 2d 389 (1965) ; and *Rieck Ice Cream Company Appeal*, supra, in which that court has clarified the procedure in real estate assessment appeals and has given valuable guidelines to the trial courts.

We also note that we do not agree with the Board's contention that the sole witness in the case, Charles M. Morris, one of the owners, was not competent to testify as an expert on real estate values. Mr. Morris, although not a licensed broker, testified that most of his time for thirty years had been spent in buying and selling real estate for himself. He was in touch with the real estate market in Pittsburgh daily. The court below held that he was qualified to give an opinion as to the market value of real estate of others as well as his own, and we agree. The qualification of this witness was a matter for the discretion of the trial judge. It was obvious that Mr. Morris was sufficiently familiar with the real estate about which he testified and with real estate values in the area. We can find no clear error on the part of the trial judge which would justify a reversal on this point. *Stevenson v.*

*East Deer Township*, 379 Pa. 103, 108 A. 2d 815 (1954).

The order of the court below is vacated and the case is remanded to that court for further proceedings consistent with this opinion.

WATKINS, J., dissents.