In re KOPPEL STEEL CORPORATION from action of the Board of Assessment Appeals of Beaver County, Pennsylvania with properties situated in Big Beaver Borough

v.

BOARD OF ASSESSMENT APPEALS OF BEAVER COUNTY, Pennsylvania.

Appeal of Koppel Steel Corporation.

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 2004.

Decided May 11, 2004.

John A. Straka III, Pittsburgh, for appellant.

Anthony Giglio, Pittsburgh, for appellee, Big Beaver Falls Area.

Deborah A. Kunselman, Beaver, for appellee, Board of Assessment Appeals of Beaver Cnty.

BEFORE: FRIEDMAN, Judge, LEADBETTER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.[1]

Koppel Steel Corporation (Koppel Steel) appeals from the July 15, 2003, order of the Court of Common Pleas of Beaver County (trial court), which dismissed Koppel Steel's tax assessment appeal and affirmed the taxing authority's assessment for the tax parcels in question. We reverse and remand.

Koppel Steel owns eleven parcels of real estate within the Big Beaver Falls School District (School District) in Beaver County (County). For the tax years 1999 through 2001, the total assessed value of these eleven parcels was $3,419,000 based on a total base year market value of $6,839,000 and an established predetermined ratio of 50%. Koppel Steel appealed the assessments, and the trial court held a hearing de novo.

At the hearing, the taxing authority entered its assessment records into evidence and offered the testimony of the County's Chief Assessor. Koppel Steel then offered

---

1. This opinion was reassigned to the author on March 15, 2004.

the testimony of its appraiser, who valued the property using the comparable sales method. However, Koppel Steel's appraiser did not testify regarding the fair market value of each individual parcel; rather, he valued the property as an integrated economic unit and fixed the fair market value at $3,000,000. After Koppel Steel rested, the School District moved to dismiss the appeal because Koppel Steel's appraiser did not establish a separate fair market value for each of the eleven tax parcels. The trial court denied the motion but indicated that it might reconsider the matter in reaching its decision. The School District then presented the testimony of its expert appraiser, who valued the eleven parcels individually and set the total fair market value at $7,265,000. Ultimately, the trial court issued an order accepting the County's valuation of the property.

On appeal to this court, we noted errors in the trial court's analysis and had difficulty determining the basis for the trial court's decision. *See Koppel Steel Corporation v. Board of Assessment Appeals of Beaver County,* 804 A.2d 762 (Pa.Cmwlth. Nos.1913 C.D.2001 & 1923 C.D.2001, filed July 10, 2002). Thus, we vacated the trial court's order and remanded the case for a supplemental decision.

■ On remand, the trial court presented the following explanation of its decision:

The totality of the evidence establishes that the eleven parcels of real estate at issue are easily capable of being valued individually. The records of the taxing authority [County] assign value to each individual parcel. Furthermore, the expert witness for the taxing jurisdiction [School District] arrived at a fair market value for each individual parcel.

Contrariwise, the expert witness for the taxpayer [Koppel Steel] endeavored to arrive at a fair market value for the aggregate eleven parcels, *as one economic unit,* rather than arriving at a value for each separate parcel.

We conclude that the evidence rendered by the expert witness for the taxpayer [Koppel Steel] is *not worthy of belief,* hence the taxpayer has failed to overcome the taxing authority's [County's] prima facie case.

(Trial ct. op. at 4) (emphasis added). Thus, the trial court dismissed Koppel Steel's appeal and affirmed the County's assessment. Koppel Steel now appeals to this court.[2]

■ Koppel Steel argues that the trial court erred in rejecting the valuation of its appraiser on grounds that the appraiser considered the eleven parcels as an integrated economic unit. We agree.

■ Preliminarily, although it is the role of the trial court to determine the credibility and weight of the evidence before it, our supreme court has noted that there is a difference between credibility as a matter of personal veracity and as a matter of substantive reasonableness.

The language chosen by the trial court ... implies that its evaluation of the expert's testimony involved a credibility determination. In this regard, it is important to distinguish between credibility as a matter of personal veracity and as a matter of the substantive reasonableness of a witness's testimony. While the trial court's determinations concerning the former are unreviewable

---

2. Our review of tax assessment matters is limited to determining whether the trial court abused its discretion, committed an error of law or reached a decision not supported by substantial evidence. *Green v. Schuylkill County Board of Assessment Appeals,* 565 Pa. 185, 772 A.2d 419 (2001).

by an appellate court, the same is not true of the latter.[3] *See McKnight [Shopping Center, Inc. v. Board of Property Assessment, Appeals and Review of Allegheny County* ], 417 Pa. [234] at 240, 209 A.2d [389] at 392 [ (1965) ] (rejecting the trial court's conclusion that expert testimony was not credible, where such conclusion rested on an incorrect factual assumption)....

*Green v. Schuylkill County Board of Assessment Appeals,* 565 Pa. 185, 209 n. 11, 772 A.2d 419, 434 n. 11 (2001). Here, the trial court did not question the personal veracity of Koppel Steel's appraiser. Rather, the trial court rejected the appraiser's valuation of Koppel Steel's property because the trial court assumed that valuing the property as an integrated economic unit was improper. However, this was an incorrect legal assumption.

In *In re Lehigh & Wilkes–Barre Coal Company's Assessment,* 298 Pa. 294, 148 A. 301 (1929), our supreme court considered an assessment that was made on *fifty* contiguous tracts appraised as a single unit, stating:

> The Act of Assembly requires the assessment to be of "tracts of land"; here

it is composed of many small tracts. This does not mean that, where the ownership of contiguous locations come into one person or company, it is necessary that each separate purchase be carried through for assessment purposes. Such tracts, where used for a common purpose, may be joined as one large tract under the act.... *This rule should be followed as to all contiguous land situated in a city, township or borough.*

*Id.* at 313, 148 A. at 307 (emphasis added).[4] Thus, although a statute may require the assessment of separate tracts of land, contiguous tracts that are under single ownership and used for a common purpose may be joined into one large tract for assessment purposes. Certainly, then, the trial court erred in rejecting the testimony of Koppel Steel's expert based on the fact that he considered the eleven parcels as an integrated economic unit.[5]

Having made this determination, we now must address whether the trial court was required to accept the valuation testimony of Koppel Steel's expert or weigh it against the valuation testimony of the School District's expert.

**3.** Thus, if a trial court rejects an expert's testimony based on the demeanor of the witness, an appellate court cannot review that credibility determination. However, if the trial court rejects an expert's testimony for specified reasons, an appellate court may review the validity of those reasons.

**4.** *See also Appeal of Susquehanna Collieries Company,* 335 Pa. 337, 340, 6 A.2d 831, 832 (1939) (stating that, where "contiguous tracts of land, separately assessed in the hands of different owners, are acquired by a single owner and used in the conduct of a single operation, they need not be assessed separately, but may be consolidated in a single assessment").

**5.** In fact, in some cases, it might be impossible to value the parcels separately. For instance, in this case, there is evidence that

some buildings on Koppel Steel's property straddle two parcels. We fail to see how an expert could testify about what a willing buyer would pay for *one* Koppel Steel parcel holding a *partial* building. Out of necessity, the expert would have to assume that the same buyer would purchase the parcel holding the remainder of the building, i.e., the expert would have to consider the parcels as an integrated economic unit. *See* section 402(a) of The General County Assessment Law (Law), Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. § 5020–402(a) (stating that the goal in tax assessment cases is to determine the actual value, or fair market value, of real estate); *see also* section 201 of the Law, 72 P.S. § 5020–201 (stating that real estate subject to assessment includes the buildings upon the land).

■ The procedure in tax assessment cases is *de novo*. *Deitch Company v. Board of Property Assessment, Appeals and Review of Allegheny County*, 417 Pa. 213, 209 A.2d 397 (1965). The taxing authority first presents its assessment record into evidence, making out a *prima facie* case for the validity of the assessment. The burden then shifts to the taxpayer to present sufficient competent, credible and relevant evidence of the fair market value of the property to overcome the *prima facie* case. If the taxpayer does so, the taxing authority can no longer rely solely on the assessment record in the face of countervailing evidence unless it is willing to run the risk of having the taxpayer's proof believed by the court. Where the taxpayer's testimony is relevant, credible and un-rebutted, the court must give it due weight and cannot ignore it in determining a property's fair market value. Where the taxing authority presents rebuttal evidence, the court must determine the weight to be given all the evidence. *Id.*

■ Here, Koppel Steel presented sufficient, competent, credible[6] and relevant evidence to overcome the taxing authority's *prima facie* case. Then, when the trial court denied the School District's motion to dismiss the tax assessment appeal, the School District presented expert valuation testimony in rebuttal. Faced with the conflicting evidence, the trial court was required to weigh the evidence in order to determine the fair market value of Koppel Steel's eleven parcels. However, the trial court failed to do so.

Accordingly, we reverse and remand for further proceedings.

### ORDER

AND NOW, this 11th day of May, 2004, the order of the Court of Common Pleas of Beaver County (trial court), dated July 15, 2003, is hereby reversed, and this case is remanded to the trial court for further proceedings consistent with the foregoing opinion.

### DISSENTING OPINION BY JUDGE LEADBETTER.

I must respectfully dissent. I begin noting several legal principles that are applicable to a tax assessment appeal.

The procedure [in a tax assessment appeal] requires that the taxing authority first present its assessment record into evidence. *Such presentation makes out a prima facie case for the validity of the assessment in the sense that it fixes the time when the burden of coming forward with evidence shifts to the taxpayer. If the taxpayer fails to respond with credible, relevant evidence, then the taxing body prevails.* But once the taxpayer produces sufficient proof to overcome its initially allotted status, the *prima facie* significance of the Board's assessment figure has served its procedural purpose, and its value as an evidentiary devise is ended. Thereafter, such record, of itself, loses the weight previously accorded to it and may not then influence the court's determination of the assessment's correctness.

[T]he taxpayer still carries the burden of persuading the court of the merits of his appeal, but that burden is not increased by the presence of the assessment record in evidence.

Of course, the taxing authority always has the right to rebut the owner's evidence and in such a case the weight to be given to all the evidence is always for the court to determine. The taxing authority cannot, however, rely solely on its assessment record in the face of

---

6. As stated above, although the trial court stated that the expert testimony was not worthy of belief, the trial court did not question the personal veracity of the expert witness but, rather, rejected the testimony based on an improper legal assumption. *See Green.*

countervailing evidence unless it is willing to run the risk of having the owner's proof believed by the court. *Green v. Schuylkill County Bd. of Assessment Appeals*, 565 Pa. 185, 195, 772 A.2d 419, 425–26 (2001), quoting *Deitch Co. v. Board of Property Assessment*, 417 Pa. 213, 221–22, 209 A.2d 397, 402 (1965) (emphasis added). Thus, as we noted in our earlier decision remanding the matter, if the taxpayer fails to overcome the authority's *prima facie* case, then the assessment, which has been established by the assessment record, stands and findings of current fair market value and the proper assessment ratio are not required.

Here, common pleas found that, "We conclude that the evidence rendered by the expert witness for the taxpayer is not worthy of belief, hence the taxpayer has failed to overcome the taxing authority's prima facie case." *In re Koppel Steel* (Nos. 11792–1998—11802–1998, C.C.P. Beaver County filed July 16, 2003), slip op. at 4. Clearly, "[t]he credibility and weight of [expert valuation] evidence is for the trial court to determine." *Green*, 565 Pa. at 196, 772 A.2d at 426, citing *Appeal of Rieck Ice Cream Co.*, 417 Pa. 249, 254, 209 A.2d 383, 386 (1965).

Moreover, although not the basis of the trial court's decision, I have serious doubt as to the legal sufficiency of taxpayer's valuation evidence. While the majority is correct that the total property at issue *could* have been jointly assessed,[1] the fact remains that the property was separated into eleven individual tax parcels, each bearing its own assessment and each the subject of a separate appeal. I can find no

authority that would allow common pleas to render an assessment that does not correspond exactly to the tax parcel that was the subject of the assessment appealed. The joint value evidence presented by Koppel Steel even had it been found credible, would have left common pleas no basis upon which to determine the separate value of each parcel subject to appeal. Since the requirement is fundamental that the trial court base its valuations on record evidence,[2] I fail to see how testimony concerning only undivided aggregate value is even competent to meet taxpayer's burden. At all events, this difficulty provides more than adequate basis for common pleas' rejection of such evidence.

Accordingly, I would affirm the order of common pleas.

---

1. Our Supreme Court has noted that where "contiguous tracts of land, separately assessed in the hands of different owners, are acquired by a single owner and used in the conduct of a single operation, they *need not* be assessed separately, but *may* be consolidated in a single assessment." *Appeal of Susque-*

*hanna Collieries Co.*, 335 Pa. 337, 340, 6 A.2d 831, 832 (1939) (emphasis added). *See also Philadelphia & Reading Coal & Iron Co. v. Commissioners of Northumberland County*, 323 Pa. 185, 186 A. 105 (1936).

2. *Green*, 565 Pa. at 206, 772 A.2d at 432.