IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John L. and Joan M.           :
Gehman,                            : No. 573 C.D. 2015
                                     : Argued:  October 6, 2015
                    Appellants      :
                                       :
                  v.                    :
                                       :
Montgomery County Board      :
of Assessment Appeals,         :
County of Montgomery,         :
Upper Hanover Township        :
and Upper Perkiomen School    :
District                             :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                    HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                   FILED:  December 4, 2015

          John L. and Joan M. Gehman (Taxpayers) appeal from the December 9, 2014, order of the Court of Common Pleas of Montgomery County (trial court) that established the fair market value (FMV) of property (Property) owned by Taxpayers for tax years 2009 through 2014.  The trial court rejected the testimony of Taxpayers' experts as to the FMV for tax years 2009 and 2012 and concluded that Taxpayers failed to present any evidence to rebut the presumptive validity of the assessments for tax years 2010, 2011, 2013, and 2014.[1]  We affirm.

---

[1] The trial court valued the Property for 2009 at $2,700,000; for 2010 at $4,436,889; for 2011 at $4,270,802; for 2012 at $4,130,897; for 2013 at $3,864,387; and for 2014 at $3,779,054.

Taxpayers' Property, which consists of 189.69 acres of land, is located at 3243 Gehman Road in Upper Hanover Township, in the R-1 Agricultural Residential district. Improvements to the Property include an 18-hole public golf course, an on-course restroom, a 4,000-foot airstrip, a 10,600-square-foot clubhouse, a 2,000-square-foot maintenance building, t-hangars for airplane storage, two single-family dwellings, a large detached garage, a concrete silo, and a picnic pavilion.

Taxpayers filed a real estate tax assessment appeal with the Montgomery County Board of Assessment Appeals (Board) contesting the Property's assessment for the tax year starting on or after January 1, 2009. After a hearing, the Board issued a decision upholding the Property's assessment. Taxpayers appealed to the trial court, and Upper Perkiomen School District (School) and Montgomery County (County) intervened (together, Appellees).

The trial court held a two-day hearing regarding the Property's assessment for the years 2009 through 2014. Florence Squillace, chief assessor for the County, testified as to the current assessment of the Property and the FMV for each year at issue.

Appraiser Laurence A. Hirsh testified on behalf of Taxpayers. Hirsh testified that the highest and best use of the Property was a golf course facility with an air strip. Hirsh concluded that as of April 1, 2009, the FMV of only the real estate was $1,600,000. Hirsch did not include development rights in determining the FMV.

2

Appraiser Gerald C. Eberly also testified for Taxpayers. Eberly concluded that as of July 13, 2012, the FMV of only the real estate, without consideration of the golf course or any improvements thereon, was $1,380,000. Eberly concluded that the highest and best use of the Property was a golf course or agricultural. He testified that the demand for residential development was non-existent. In arriving at the FMV, Eberly utilized the sales comparison approach.

John Gehman also testified as to the Property. He testified that the market for golf courses has been flat throughout the period covered by the appeal.

The trial court dismissed Taxpayers' appeals for the years 2010, 2011, 2013, and 2014 because Taxpayers failed to present an appraisal report, testimony, or any evidence as to the FMV of the Property for those years.

Thereafter, Appellees presented the testimony of appraiser Richard C. Wolf, who concluded that the Property's FMV for the 2009 tax year was $2,700,000. He concluded that the sales comparison approach was the most reliable indicator of the Property's FMV. In determining the FMV, Wolf concluded that the highest and best use of the Property was a golf course, until such time as a residential development became financially feasible. In reaching the FMV, Wolf considered the golf course, golf course sales, land sales, and the value of development rights. He testified that his appraisal differed from Eberly's because Eberly only appraised the raw land. Wolf testified that Hirsh's approach differed because Hirsh did not include building rights.

Based on the evidence presented, the trial court observed that as to 2009, Taxpayers' expert did not include development rights in his valuation of the Property, whereas Appellees' expert did. Specifically, Wolf testified that a significant amount of value is tied into the ability to develop land. Appellees' expert testified that presently the highest and best use of the Property is a golf course. However, because the land in the future could be developed residentially Wolf examined comparable land sales for development, appraised the value of the land, and then added that value to the Property's existing income stream. In contrast, Hirsh testified that residential development of the Property was not a potential alternative use because there was not a great demand for property development at the time. The trial court accepted as credible Appellees' 2009 appraisal because it considered the value of the Property and its development rights.

As to 2012, the trial court observed that Taxpayers introduced testimony as to the Property's FMV. However, Eberly's appraisal failed to take into account the value of the Property's improvements. Because the appraisal failed to consider the Property as a whole, the trial court rejected Eberly's testimony and accepted the assessment originally proffered by Appellees. The trial court's December 9, 2014, order set the Property's FMV for years 2009 to 2014. Taxpayers filed a motion for post-trial relief, which the trial court denied. This appeal followed.[2]

---

[2] This court's review is limited to determining whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by the evidence. *Walnut-Twelve Associates v. Board of Revision of Taxes*, 570 A.2d 619, 622 (Pa. Cmwlth. 1990).

4

Initially, Taxpayers argue that the trial court disregarded competent evidence that the Property's FMV remained unchanged throughout the tax years at issue.

In a tax assessment case, the Board has the initial burden of presenting its assessment records, which establish a *prima facie* case of the validity of the assessment. *Expressway 95 Business Center, LP v. Bucks County Board of Assessment*, 921 A.2d 70, 76 (Pa. Cmwlth. 2007). The burden then shifts to the property owner to present sufficient evidence to rebut the assessment's validity. *Id.* "'The evidence must be *sufficient to rebut* the validity of the assessment which means the evidence must be (1) believed in the sense that the trial court accepts the veracity of the expert based on, for example, his demeanor; and (2) relevant and competent in the sense that it is not dubious, but legally and factually sound so that it is of practical value to the court in its effort to arrive at the [FMV].'" *Id.* (citation omitted). FMV estimates "that are speculative and conjectural are not competent evidence." *Id.*

Taxpayers maintain that in determining the FMV, the law does not require evidence from a certified real estate appraiser. *Allegheny Energy Supply Company v. County of Greene*, 788 A.2d 1085, 1095 (Pa. Cmwlth. 2001). A property owner is competent to express an opinion as to the property's value. *Morris v. Board of Property Assessment, Appeals and Review*, 224 A.2d 772, 774 (Pa. Super. 1966).

Here, John Gehman testified that over the years there has been no change in the Property's value. Taxpayers also contend that Appellees' expert similarly stated that the market was flat during all relevant years. Taxpayers argue

5

that the trial court erred in dismissing the appeals for tax years 2010, 2011, 2013, and 2014, when all of the witnesses agreed that the market was flat. A stable market is competent evidence of the FMV. *Aetna Life Insurance Company v. Montgomery County Board of Assessment Appeals*, 111 A.3d 267, 285 (Pa. Cmwlth. 2015).

Appellees respond that the trial court is the ultimate fact finder in a tax assessment case and has the duty to determine the current FMV of the Property based on competent, credible, and relevant evidence. *Id.* at 279. "[A]ctual market value is 'the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied.'" *RAS Development Corporation v. Fayette County Board of Assessment Appeals*, 704 A.2d 1130, 1134 (Pa. Cmwlth. 1997) (citation omitted).

Here, we agree with Appellees that the trial court properly dismissed the appeals for tax years 2010, 2011, 2013, and 2014, because Taxpayers failed to present *any* value for these tax years. Hirsh admitted that his valuation of the Property only applied to 2009. Eberly only testified as to the 2012 value of the Property.

Moreover, contrary to Taxpayers' contention, the experts did not agree that the market was flat during 2010, 2011, 2013, and 2014. Taxpayers rely on: John Gehman's testimony that the current assessment is nowhere close to the Property's actual value and that the golf industry has tanked over the last 10 years (N.T., 8/6/14, at 31); Hirsh's testimony that the golf business has struggled since 2002 (*id*. at 138-

6

39); and Wolf's testimony on cross-examination regarding development rights. (N.T., 8/7/14, at 159-60). Contrary to Taxpayers' contention, the above-cited testimony does not prove that all of the witnesses agreed that the Property's FMV remained constant during the relevant years. Because only Appellees presented evidence as to the Property's FMV for tax years 2010, 2011, 2013, and 2014, the trial court did not err in dismissing Taxpayers' appeals as to those years.

Next, Taxpayers claim that the trial court erred in determining that development rights must be valued separately. Specifically, Taxpayers contend that the highest and best use of the Property is a golf course and airstrip, and their experts testified as to the FMV of the Property as it is. Taxpayers maintain that since 1998, there has not been a market for developable land, and the trial court erred in concluding that development rights must be valued separately.

The trial court credited the testimony of Appellees' expert because it was more complete and accurate. Determinations of credibility and evidentiary weight are within the province of the trial court, and we will not disturb these determinations absent an error of law. *RAS*, 704 A.2d at 1137. In determining the FMV of the Property, the trial court found Wolf's appraisal more credible than that of Taxpayers' experts because Wolf included development rights, whereas Taxpayers' experts did not. The trial court did not err in finding Appellees' expert more credible than Taxpayers' experts.

7

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John L. and Joan M.
Gehman,

           Appellants

           v.

Montgomery County Board
of Assessment Appeals,
County of Montgomery,
Upper Hanover Township
and Upper Perkiomen School
District

:
: No. 573 C.D. 2015
:
:
:
:
:
:
:
:
:
:
:
:
:

# O R D E R

AND NOW, this 4th day of December, 2015, we hereby affirm the December 9, 2014, order of the Court of Common Pleas of Montgomery County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge